■ CHARLES A. BOWEN, Appellant, v. NANCY SPINELLI et al., Defendants, and GERARD KEARNEY, Respondent.— In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered April 21, 1959, after a nonjury trial, which dismissed the complaint on the merits as against defendant Kearney. Judgment affirmed, with costs. No opinion. Beldock, P. J., Ughetta, Kleinfeld, Hill and Rabin, JJ., concur.

■ BEVERLY CLARK, an Infant, by Her Guardian ad Litem, FRANCES DAWSON, et al., Respondents, v. JOSEPH YAKIMOWITZ, Appellant, et al., Defendants.— In a negligence action by an infant plaintiff, Beverly Clark, to recover damages for personal injuries sustained by her while she was a passenger in an automobile which was struck in the rear by an automobile owned and operated by defendant Yakimowitz; and by the coplaintiff, Frances Dawson, to recover damages for loss of the infant's services and for medical expenses, the said defendant appeals from a judgment of the Supreme Court, Suffolk County, entered October 16, 1961 after trial, upon a jury's verdict of $5,000 in favor of the infant plaintiff. Judgment reversed on the facts and, as to said infant, the action is severed and a new trial granted as between her and the defendant Yakimowitz, with costs to abide the event, unless, within 30 days after entry of the order hereon, the infant plaintiff and her guardian ad litem shall stipulate to reduce to $2,250 the amount of the verdict in the infant's favor, in which event the judgment, as so reduced, is affirmed, without costs. In our opinion, under all the circumstances, the jury's verdict was grossly excessive. Ughetta, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur.

■ FRANK COSTANZO, Respondent, v. SOL MACKLER, Appellant.— In an action to recover damages for personal injuries sustained by plaintiff as a result of the negligent maintenance of a truck owned by defendant and rented to plaintiff's employer, wherein defendant, in his amended answer, pleaded an affirmative defense that the plaintiff and he were fellow employees, that the accident occurred in the course of their common employment, and that plaintiff's exclusive remedy is under the Workmen's Compensation Law, the defendant appeals from an order of the Supreme Court, Kings County, dated April 23, 1962, which granted plaintiff's motion to strike out said defense pursuant to rule 103 of the Rules of Civil Practice. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur. [34 Misc 2d 188.]