HERBERT ROBERTS, Appellant, *v.* ANN M. GAGNON, Respondent.

Third Department, March 21, 1956.

*John B. Lurie* for appellant.

*Arthur J. Murphy* for respondent.

ZELLER, J.   This negligence action is the result of injuries sustained by plaintiff-appellant when he was struck by an automobile as he was standing on a safety island of a private road located on property of the General Electric Company in the city of Schenectady.   The automobile was owned by the defendant-respondent and, at the time of the accident, was being operated by Edward Gagnon, who is alleged to have been the agent, servant and employee of defendant-respondent.

Defendant moved to dismiss the complaint under rule 107 of the Rules of Civil Practice upon the ground that the court did not have jurisdiction of the subject of the action, since plaintiff's injuries arose in the course of his employment, at the hands of a coemployee, and workmen's compensation constituted plaintiff's exclusive remedy.   The motion was granted and the complaint dismissed.

Section 29 of the Workmen's Compensation Law provides, in part: " 6. The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee, or in case of death his dependents, when such employee is injured or killed by the negligence or wrong of another in the same employ."

No material conflict of fact appears in the affidavits submitted upon the argument of the motion and a factual sequence adequate to a determination of the question posed by the motion is contained in them.   Plaintiff and Gagnon, both employees of General Electric Company, had finished work at midnight and each had left the building where he was employed.   As plaintiff was crossing a private road located on the employer's property, at approximately forty minutes past midnight he paused on a safety island and was struck by defendant's automobile as it was being driven by Gagnon toward an exit.

From these undisputed facts it is apparent that at the time of the accident both plaintiff and Gagnon were in the course of their employment and were in the same employ within the meaning of the act.   The course of employment is not limited to the actual production of goods or the running of machines nor is it confined to the exact hours of work.   While on the employer's premises, going to and coming from work is generally considered an incident of the employment.   (1 Larson on Workmen's Compensation Law, § 15.11.)

In *Pantolo* v. *Lane* (185 Misc. 221) the accident took place on the parking lot maintained by the employer for its employees. As plaintiff and defendant were arriving for work, defendant's auto struck plaintiff who was on foot. It was held that plaintiff's cause of action for negligence was barred by the Workmen's Compensation Law and the complaint was dismissed. Mr. Justice DEYO wrote (pp. 223–224): '' The parties were coemployees. They were on the premises of their common employer and they were on their way to the actual performance of their duties by a route provided by their common employer. Under such circumstances, I find that they were both acting in the course of their employment when the accident occurred, and compensation is therefore the exclusive remedy.''

In *Tynan* v. *Ellingwood* (122 N. Y. S. 2d 768, affd. *sub nom. Tynan* v. *Chrysler*, 283 App. Div. 1009) plaintiff was injured as he was riding with a fellow employee over a section of the New York State Thruway being constructed by the employer, when the automobile collided with the employer's road machinery being operated by another employee. He brought suit against the driver of the automobile, the operator of the road machine and the employer. Holding that it did not have jurisdiction since plaintiff, the driver of the auto, and the operator of the road machinery were in the course of their employment upon premises under control of the employer, the court dismissed the complaint.

*Ritornato* v. *Schuth* (278 App. Div. 996) is strikingly similar to the case at bar. There plaintiff was a passenger in defendant Schuth's auto when it collided with defendant Duglin's vehicle. Plaintiff and both defendants at the same time had left the General Electric plant where they were employed and had gone to the parking lot. The accident occurred as they were driving on a private road toward the exit. In affirming Special Term's dismissal of the complaint for lack of jurisdiction, this court stated: '' The injury was by fellow employees on the employer's premises in which the course of employment is deemed to continue while the employees are on their way home until egress is complete.''

On the undisputed facts found in the affidavits and in conformity with the pattern of the decided cases, we hold that plaintiff and Gagnon were fellow employees, acting in the course of their employment at the time of the accident. If Gagnon were the defendant herein, we would necessarily conclude that plaintiff's action was barred by section 29 of the Workmen's Compensation Law. (*Abbondondolo* v. *Mealing*, 249 App. Div.

818.) However, the sole defendant is the owner of the automobile, Gagnon's principal. There is no employee-coemployee relationship existing between the injured employee and the coemployee's principal. May the action then be maintained against the principal? In our opinion it may not.

Plaintiff does not attempt to impose liability upon defendant by reason of section 59 of the Vehicle and Traffic Law which provides that "Every owner of a motor vehicle or motor cycle operated upon a public highway shall be liable and responsible for death or injuries to person or property resulting from negligence in the operation of such motor vehicle or motor cycle, in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner." The accident in this case did not occur on "a public highway" and therefore, the provisions of section 59 are inapplicable. (*Sylvester* v. *Brockway Motor Truck Corp.*, 232 App. Div. 364.)

Liability is sought to be imposed under the common-law theory of *respondeat superior*. The phrase *respondeat superior* is used to "indicate the responsibility of a principal for the acts of his servant or agent, and expresses the doctrine that the principal or master should be answerable for the acts of his servant or agent. The doctrine simply provides that where one acts through the agency of another then, in legal contemplation, he himself is the actor, and is responsible for the acts of the agent. It is a means whereby one person is made liable for another's torts, even though the two were not joint tortfeasors, and under the doctrine a principal or master is held liable to a third person for the torts of his agent or servant, even though the specific tortious act was not commanded or expressly authorized by the former, provided the latter has committed such act while engaged in an activity falling within the scope of his authority or employment." (77 C. J. S., Respondeat Superior, p. 318.)

The doctrine of *respondeat superior*, in some instances, permits a person injured to recover from a principal or master for the negligence of an agent, servant or employee even though, because of some relationship existing between the two, the injured person may not have recourse against the agent, servant or employee. In *Schubert* v. *Schubert Wagon Co.* (249 N. Y. 253) plaintiff while in a highway was struck by defendant's auto which was driven by plaintiff's husband, who was then in the employ of defendant. Defendant contended that because plaintiff could not maintain an action against her husband for

personal injuries, she had no cause of action against defendant. The Court of Appeals rejected the argument and held that the disability existing because of the relationship of husband and wife did not prevent an action against the husband's principal or master. Chief Judge CARDOZO expressed the rationale of the decision thus (pp. 256–257): " A trespass, negligent or willful, upon the person of a wife, does not cease to be an unlawful act though the law exempts the husband from liability for the damage. Others may not hide behind the skirts of his immunity."

However, the *Schubert* decision does not control the situation in this case. The decision stands for the proposition that the personal immunity of an agent or servant may not inure to the benefit of his principal or master. But here we have something different than a personal immunity conferred upon an agent or servant because of his relationship to the injured party. Here a law declares that workmen's compensation " shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ." (Workmen's Compensation Law, § 29, subd. 6.) The section makes one and only one remedy available to an employee injured in the course of his employment by a fellow worker — namely, workmen's compensation. Consequently, no common-law action is permitted whether such action be directed against a negligent coemployee or his principal. A complete disability to sue has been placed upon an employee when he has been injured by a coemployee. Had the Legislature only made a fellow employee immune to common-law suits by a negligently injured employee, the fellow employee would have been afforded less than the complete protection intended. As we have seen from the *Schubert* case (*supra*), mere immunity of an agent or servant from liability does not relieve his principal or master of liability and an employee injured by a fellow employee's negligence would be able to recover from the immune fellow employee's principal. However, the principal then could recover over against his agent, the fellow employee. (*Oceanic Steam Nav. Co.* v. *Compania Transatlantica Espanola,* 134 N. Y. 461; *Dunn* v. *Uvalde Asphalt Paving Co.,* 175 N. Y. 214.) Intending a fellow employee to be free from liability under all circumstances, the Legislature used the language it did and limited the remedy of the injured employee to workmen's compensation. (*Schwartz* v. *Forty-Second St., M. & St. N. Ave. Ry. Co.,* 175 Misc. 49.)

Being of the opinion that plaintiff and defendant's alleged agent were fellow employees at the time of the accident and that the only remedy available to one injured by a fellow employee

302

is under the Workmen's Compensation Law, we conclude that the order dismissing the complaint for lack of jurisdiction should be affirmed.

BERGAN, J. P., COON, HALPERN and GIBSON, JJ., concur.

Order affirmed, with $10 costs.