■ MARGARET J. ROZELLE, Appellant, v. LAURA ROBERTSON, Respondent.— GIBSON, P. J. Appeal (1) from an order of the Supreme Court at Special Term which granted defendant's motion for summary judgment dismissing the complaint in a personal injury negligence action on the ground that defendant had established her pleaded defense under the Workmen's Compensation Law (§ 29, subd. 6), which provides that the right to compensation under that act "shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ"; and (2) from the judgment entered on said order. Special Term correctly found that the material facts were undisputed and, no triable issue being presented, that the motion should be decided as a matter of law. (*Matter of Martin* v. *Plaut*, 293 N. Y. 617, 618.) The parties were employed by the State of New York as dining room attendants, on the same shift although in different buildings, on the grounds of Binghamton State Hospital. On the day of the accident they returned in defendant's car from lunch off the premises, during the 1:30 to 2:00 P.M. lunch period permitted them. Defendant at about 1:55 P.M. stopped the car across the street or roadway from, and directly opposite the main building, where plaintiff was employed; plaintiff alighted and, while walking or standing at the rear of the car, preparatory to crossing, was struck when the car moved backward. Plaintiff, after picking herself up, reported for work, as did the defendant. Plaintiff finished the day but was hospitalized that evening. The site of the accident was described in the complaint as "a roadway situate on the grounds of the Binghamton State Hospital" and on examination before trial plaintiff testified that it was, in fact, within the confines of the State

Hospital grounds. There was other testimony that entrance from the city streets to this roadway was through a distinct entranceway or gateway and that signs limiting vehicular speed to 15 miles per hour were posted upon it. Assuming for the moment that the accident therefore occurred on the employer's premises, ample authority supports Special Term's holding that plaintiff's injuries arose out of and in the course of the parties' common employment. In *Roberts* v. *Gagnon* (1 A D 2d 297), plaintiff, a pedestrian, was struck by an automobile operated by a coemployee upon a roadway upon the employer's premises, as both were about to leave the premises, some 40 minutes after finishing work. The court, by Mr. Justice Zeller, held (p. 298) : "From these undisputed facts it is apparent that at the time of the accident both plaintiff and Gagnon were in the course of their employment and were in the same employ within the meaning of the act. The course of employment is not limited to the actual production of goods or the running of machines nor is it confined to the exact hours of work. While on the employer's premises, going to and coming from work is generally considered an incident of the employment. (1 Larson on Workmen's Compensation Law, § 15.11.) " As also pointed out by Professor Larson, "the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work day, and should be governed by the same rules and exceptions." (1 Larson, *op. cit.*, § 15.51, p. 234; and see *Kunze* v. *Jones*, 6 A D 2d 888, affd. 8 N Y 2d 1152; *Martin* v. *Metropolitan Life Ins. Co.*, 197 App. Div. 382, affd. 233 N. Y. 653.) The undisputed proof is that the accident occurred upon the employer's premises, but appellant would have us resort, nevertheless, to the controverted allegation of her complaint that the "roadway situate on the grounds of the Binghamton State Hospital * * * *was and still is a public highway*" (emphasis supplied) and thereupon hold that a triable issue exists. That, as appellant's brief suggests, the roadway may have been a public highway under the Vehicle and Traffic Law (see § 134) for purposes of liability under that act, does not of necessity create the issue contended for in this case and upon this record. Assuming, however, that the road was a public highway for this purpose or for all purposes, the situs of the accident thereon was clearly within the precincts of the employment. (*Matter of Singer* v. *Rich Marine Sales*, 25 A D 2d 801; *Matter of Berry* v. *B. Gertz, Inc.*, 21 A D 2d 708; *Chadwick* v. *Clark*, 19 A D 2d 679.) Judgment and order affirmed, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Gibson, P. J.