■ JOSEPH A. DOYLE, Respondent, v. WALTER H. JENNINGS et al., Appellants.— Order unanimously reversed, defendants' motions granted and judgments entered in favor of defendants dismissing plaintiff's complaint, without costs. Memorandum: As the result of injuries sustained in an automobile accident which occurred on the employer's parking lot, plaintiff commenced suit against two coemployees. Appellants correctly contend that plaintiff's injuries were sustained while the parties were acting in the course of their employment and have properly pleaded and proved their defense under subdivision 6 of section 29 of the Workmen's Compensation Law which provides that the right to compensation thereunder " shall be the exclusive remedy to an employee * * * when such employee is injured * * * by the negligence or wrong of another in the same employ ". In presenting their respective motions, the parties relied on the testimony given by each of them at examinations before trial as well as on the pleadings. While the undisputed proof is that the accident occurred upon the employer's premises as plaintiff was about to leave therefrom, he would have us resort, nevertheless, to the theory that there had been a deviation from his employment by his act in leaving for a few moments to advise his daughter that he would ride home with the defendant Jennings. There was, however, no such deviation as to remove him from the provisions of the act. The accident occurred 10 minutes after the parties ceased work. In *Roberts* v. *Gagnon* (1 A D 2d 297) plaintiff was struck by an automobile operated by a coemployee upon the employer's premises, as both were about to leave, some 40 minutes after finishing work; and the court held a similar affirmative defense was a bar to

the negligence action basing its conclusion on the well-established principle that while on the employer's premises, the act of an employee going to and coming from work is considered an incident of the employment. (1 Larson, Workmen's Compensation Law, § 15.11). Here the plaintiff was in the act of leaving his employment at the end of his work day. The course of employment is not limited to activities in the running of machines or one's regular labor nor is it confined to the exact hours of work. Upon the facts presented, the situs of the accident and resulting injuries occurred within the precincts of employment (e.g., *Matter of Singer* v. *Rich Mar. Sales*, 25 A D 2d 801) and plaintiff is, therefore, limited to the workmen's compensation benefits and cannot maintain this action against his fellow employees. (*Malinka* v. *Mugavero*, 27 A D 2d 691.) (Appeal from order of Monroe Special Term, denying motions to dismiss complaint, dismissing affirmative defenses.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Bastow and Henry, JJ.