■ In the Matter of the Claim of RUBY WILLIAMS, Appellant, v. SEABOARD WORLD AIRLINES et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, P. J. Appeal from a decision of the Workmen's Compensation Board, filed July 29, 1968, which denied a claim for death benefits. The decedent worked for Seaboard World Airlines which maintained

a terminal at the John F. Kennedy Airport. On December 24, 1968 at about 10:45 A.M. the decedent left his employment, drove his automobile out of the parking lot and while traveling on what has been described as an "exit road", which is owned and maintained by the Airport, was in a collision in which he received injuries resulting in his death. The board found that "when decedent left his employer's parking lot and entered the exit road he separated himself from the employment and therefore there was no accidental injury arising out of and in course of employment." The record is clear that the road was owned, controlled and maintained by the New York Port Authority and that the terminal was under lease by the Authority to the employer which exercised no domain over the road where the accident happened. The employer and its employees used the said exit road for access to the employer's premises in common with the general public. The board's finding is not only factual but supported by court decisions. (See *Matter of Kane* v. *New York State Dept. of Ins.*, 27 A D 2d 344.) The cases relied upon by the claimant are decisions where the board made a factual finding in favor of the claimant. Decision affirmed, without costs. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, P. J.