Memorandum. The order of the Appellate Division should be affirmed, without costs. At the end of his day’s work, plaintiff went to his employer’s parking lot and entered the car of a coemployee who was to drive him home; and was thus within the precincts of the employment and exposed to its hazards when injured in the collision of automobiles operated by his coemployees. (Roberts v. Gagnon, 1 A D 2d 297.) The fact that a concurring purpose of the homeward trip was to enable the driver Jennings to pick up an appliance motor which plaintiff had given him does not affect compensability. (Matter of Moskowitz v. Granata, 9 A D 2d 310, mot. for lv. to app. den. 8 N Y 2d 705.) Thus, plaintiff’s sole remedy is under the Workmen’s Compensation Law; and it is equally apparent that defendant coemployees were at all times within the course of the employment and entitled to the protection of the statute as against the consequences of the acts arising out of the employment.
Chief Judge Fuld and Judges Scileppi, Bergan, Breitel, Jasen and Gibson concur; Judge Burke taking no part.
Order affirmed, in a memorandum.