CAROL GROARK et al., Appellants, v ROBERT MILLER, Respondent.

Third Department, July 24, 1975

*Bender Solomon (Harry N. Wolkin* of counsel), for appellants.

*Hesson, Ford, Sherwood & Whalen (Dale M. Thuillez* of counsel), for respondent.

GREENBLOTT, J. Plaintiff Carol Groark, an employee of the New York State Department of Transportation, left her employment at Building 5 in the State Campus at Albany at approximately 4:10 P.M. on August 3, 1973, the normal end of her day's work. She walked to the parking lot, entered her automobile and exited from the lot into the circular road which surrounds the State Campus complex of office buildings. About five minutes later, at about one mile from her place of employment, while her vehicle was between Buildings 18 and 21, her car was struck in the rear by a car driven by defendant, inflicting personal injuries upon plaintiff. After the accident, plaintiff learned that defendant was also an employee of the Department of Transportation.

Plaintiff and her husband commenced this action to recover damages for her personal injuries. Plaintiff's husband seeks to recover for the loss of his wife's services and medical ex-

penses. Defendant interposed the defense that plaintiffs' exclusive remedy is under the Workmen's Compensation Law. Plaintiffs' motion to dismiss this defense for insufficiency in law was denied by Special Term, which held that a question of fact exists as to the precincts of plaintiff's employment.

It is undisputed that the circular roadway on which the accident occurred was built and maintained by the State as part of the State Campus complex and provides access to the public streets, Washington and Western Avenues, between which the State Campus is located, as well as the State arterial known as Route 85, and the Thruway and Northway.

Defendant bases its affirmative defense that the plaintiffs' sole remedy is under the Workmen's Compensation Law on the fact that the motor vehicle accident was between coemployees, within the precincts of their employment. We disagree. In our view, the accident did not arise out of and in the course of plaintiff's employment. Plaintiff Carol Groark's work day had terminated when she left her office, walked to the parking lot and drove her car away. She was an inside employee, engaged in no errands for her employer, and on her way home. The roadway where the accident occurred cannot be considered within the premises of the employment. Decisions extending workmen's compensation coverage to the employer's parking areas cannot be extended to the case at bar. The accident did not take place in the parking lot but on a public roadway. The record contains a bulletin from the New York State Department of Transportation which states, without refutation by the defendant, the circular roads are "certified public highways" subject to the jurisdiction of the Traffic Court of the City of Albany. Since the State employees used the roads within the State Campus in common with the general public, it does not matter that the highway was part of the office building complex owned by the State. A case closely paralleling the facts herein is *Matter of Williams v Seaboard World Airlines* (33 AD2d 714) where an employee died in an accident after he left his employer's parking lot and was traveling on an exit road owned by the airport from which the employer leased its building and parking lot. We affirmed the finding of the Workmen's Compensation Board that the employment had terminated. Since, in the present case, no further facts could be developed which would support, as a matter of law, a conclusion that the parties were in the course of their employment at the time of the accident, we

hold that the defense that plaintiffs' remedy is exclusively under the Workmen's Compensation Law is insufficient as a matter of law.

The order should be reversed, on the law and the facts, without costs, and the motion pursuant to CPLR 3211 (subd [b]) to dismiss the defense asserted in defendant's answer that plaintiffs' remedy is exclusively under the Workmen's Compensation Law should be granted.

REYNOLDS, J. (dissenting). A review of the cases will show that we would be in error in holding in this case that as a matter of law plaintiff was not in the course of her employment. The trial court refused to dismiss the defense because in his view a question of fact existed. I agree that probably we have about all of the pertinent facts here, at least enough to decide whether the defense that plaintiff's exclusive remedy is under the Workmen's Compensation Law, is sound. The question, of course, is whether plaintiff having not left the State Campus complex was within the precincts of her employment. It is undisputed that plaintiff had not left the complex. In fact a diagram was submitted by plaintiff which clearly shows this to be a fact. The majority opinion seems to be based on the fact that plaintiff had traversed a longer distance within the complex than had the plaintiff in *Caracciolo v Furman* (29 AD2d 903), *Roberts v Gagnon* (1 AD2d 297) and *Ritornato v Schuth* (278 App Div 996). It seems obvious that distance traversed is not a useful tool to apply in a case of this type involving precincts of employment.

Perhaps, I should point out that in my judgment the following statements in the majority opinion are under the cases not justifiable; in fact the decided cases hold just the opposite. I refer to: "Plaintiff Carol Groark's work day had terminated when she left her office, walked to the parking lot and drove her car away. * * * Decisions extending workmen's compensation coverage to the employer's parking areas cannot be extended to the case at bar. The accident did not take place in the parking lot but on a public roadway. * * * Since the State employees used the roads within the State Campus in common with the general public, it does not matter that the highway was part of the office building complex owned by the State."

It is significant that in the majority statement they are unable to cite any case which upholds their position. The cases dispositive of the situation here are *Matter of Kowalek v New York Cons. R. R. Co.* (229 NY 489, 492); *Rozelle v*

*Robertson* (29 AD2d 589); *Caracciolo v Furman (supra)* and *Roberts v Gagnon (supra).* The Appellate Division, Fourth Department is in accord (see *Sicktish v Vulcan Ind. of Buffalo,* 33 AD2d 975).

In the *Roberts* case *(supra,* pp 298, 299), ZELLER, J. wrote the following:

"Plaintiff and Gagnon, both employees of General Electric Company, had finished work at midnight and each had left the building where he was employed. As plaintiff was crossing a private road located on the employer's property, at approximately forty minutes past midnight he paused on a safety island and was struck by defendant's automobile as it was being driven by Gagnon toward an exit.

"From these undisputed facts it is apparent that at the time of the accident both plaintiff and Gagnon were in the course of their employment and were in the same employ within the meaning of the act. The course of employment is not limited to the actual production of goods or the running of machines nor is it confined to the exact hours of work. *While on the employer's premises, going to and coming from work is generally considered an incident of the employment.* (1 Larson on Workmen's Compensation Law, § 15.11.) (Emphasis supplied.) * * *

"*Ritornato v Schuth* (278 App Div 996) is strikingly similar to the case at bar. There plaintiff was a passenger in defendant Schuth's auto when it collided with defendant Duglin's vehicle. Plaintiff and both defendants at the same time had left the General Electric plant where they were employed and had gone to the parking lot. The accident occurred as they were driving on a private road toward the exit. In affirming Special Term's dismissal of the complaint for lack of jurisdiction, this court stated: *"The injury was by fellow employees on the employer's premises in which the course of employment is deemed to continue while the employees are on their way home until egress is complete."* (Emphasis supplied.)

In the *Rozelle* case *(supra,* pp 589–590) GIBSON, P. J., wrote: "The site of the accident was described in the complaint as 'a roadway situate on the grounds of the Binghamton State Hospital' and on examination before trial plaintiff testified that it was, in fact, within the confines of the State Hospital grounds. * * * Assuming for the moment that the accident therefore occurred on the employer's premises, ample authority supports Special Term's holding that plaintiff's injuries

arose out of and in the course of the parties' common employment. In *Roberts v Gagnon* (1 AD2d 297), plaintiff, a pedestrian, was struck by an automobile operated by a coemployee upon a roadway upon the employer's premises, as both were about to leave the premises, some 40 minutes after finishing work. The court, by Mr. Justice Zeller, held (p 298): 'From these undisputed facts it is apparent that at the time of the accident both plaintiff and Gagnon were in the course of their employment and were in the same employ within the meaning of the act. The course of employment is not limited to the actual production of goods or the running of machines nor is it confined to the exact hours of work. While on the employer's premises, going to and coming from work is generally considered an incident of employment. (1 Larson on Workmen's Compensation Law, § 15.11.)' As also pointed out by Professor Larson, 'the trip away from and back to the premises for the purpose of getting lunch is indistinguishable in principle from the trip at the beginning and end of the work, and should be governed by the same rules and exception.' (1 Larson, *op cit,* § 15.51, p 234; and see *Kunze v Jones,* 6 AD2d 888, affd 8 NY2d 1152; *Martin v Metropolitan Life Ins. Co.,* 197 App Div 382, affd 233 NY 653.) The undisputed proof is that the accident occurred upon the employer's premises, but appellant would have us resort, nevertheless, to the controverted allegation of her complaint that the 'roadway situate on the grounds of the Binghamton State Hospital * * * *was and still is a public highway'* (emphasis supplied) and thereupon hold that a triable issue exists. That, as appellant's brief suggests, the roadway may have been a public highway under the Vehicle and Traffic Law (see § 134) for purposes of liability under that act, does not of necessity create the issue contended for in this case and upon this record. *Assuming, however, that the road was a public highway for this purpose or for all purposes, the situs of the accident thereon was clearly within the precincts of the employment. (Matter of Singer v Rich Marine Sales,* 25 AD2d 801; *Matter of Berry v B. Gertz, Inc.,* 21 AD2d 708; *Chadwick v Clark,* 19 AD2d 679.)" (Emphasis supplied.)

In the *Caracciolo* case *(supra)* (another case involving subdivision 6 of section 29 of the Workmen's Compensation Law and exclusiveness of the remedy and which is on all fours with the case at bar), the facts were that two employees were going to work at the General Electric complex. The accident

occurred about one quarter of a mile from the building where they worked. In this case Special Term (HUGHES, J) denied the motion to dismiss on the grounds that the plaintiff and defendant were coemployees stating that questions of facts were raised in the motion papers. In the Appellate Division, HERLIHY, J. P. wrote as follows for a unanimous court: *"The record establishes without dispute that the appellant and the plaintiff were coemployees of General Electric Company and that as they were proceeding to work upon the employer's premises the cars they were operating came into collision.* The plaintiff seeks to recover from the appellant for alleged negligence causing personal injury. *Under such circumstances the employees were within the course of their employment and the accident arose out of such employment. (Rozelle v Robertson, 29 AD2d 589.)"* (Emphasis supplied.)

In *Matter of Kowalek v New York Cons. R. R. Co.* (229 NY 489, 492) the following appears: "It is a general rule that if an employee is injured on the premises of the employer in going, with reasonable dispatch and method, to or from actual performance of the specific duties of the employment by a way provided by the employer or reasonably used by the employee, compensation must be awarded. The going to and from the actual work and the risk involved in it are reasonably incidental to the employment."

*Williams v Seaboard World Airlines* (33 AD2d 714–715) cited in the majority statement is inapposite because it did not occur on the premises (within the precincts of employment). HERLIHY, P. J. wrote:

"The record is clear that the road was owned, controlled and maintained by the New York Port Authority and that the terminal was under lease by the Authority to the employer which exercised no domain over the road where the accident happened. The employer and its employees used the said exit road for access to the employer's premises in common with the general public." It should also be remembered that this decision involved the substantial evidence rule, and as HERLIHY, P. J. stated we were affirming a factual finding in favor of the claimant.

It must be noted that the accident occurred on one of the loops of the State Campus office complex. This was an area patrolled by the campus police, thus, evidence of the employer's control over the area where the accident occurred. The area of the accident was on a roadway specifically designed

and built for the purpose of allowing ingress and egress from the State Office Building complex. Even by the diagram submitted by the plaintiff the purpose and function of these roads is clear; that they were not designed for general public use to travel through the City of Albany.

Therefore, I would affirm Special Term or reverse and find, as a matter of law, that plaintiff was in the course of her employment and dismiss the complaint.

HERLIHY, P. J., MAIN and LARKIN, JJ., concur with GREENBLOTT, J.; REYNOLDS, J., dissents and votes to affirm in an opinion.

Order reversed, on the law and the facts, without costs, and motion pursuant to CPLR 3211 (subd [b]) to dismiss the defense asserted in defendant's answer that plaintiffs' remedy is exclusively under the Workmen's Compensation Law granted.