■ JUSTIN A. MANUS, Respondent, v UNIVERSAL CONTAINER CORPORATION, Appellant, et al., Defendant.—Judgment, Supreme Court, New York County, entered on April 21, 1975, after trial before Massi, J., and a jury, unanimously affirmed. Respondent shall recover of appellant $60 costs and disbursements of this appeal. The jury was properly charged and its verdict is amply supported by the record. Plaintiff brought about "a transaction", as envisioned by the agreement dated December 16, 1971, appearing on the letterhead of defendant-appellant. Concur—Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■ STRYKER & BROWN et al., Appellants, v TIMELY CLOTHES, INC., et al., Respondents.—Order, Supreme Court, New York County, entered on June 11, 1975, dismissing the complaint, unanimously affirmed on opinion of Asch, J., at I.C. Part, and appeal from order of said court entered on June 11, 1975, denying leave to reargue, unanimously dismissed as such order is nonappealable. Respondents shall recover of appellants $60 costs and disbursements of these appeals. No opinion. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Yesawich, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DIANA JOHNSON, Appellant.—Judgment, Supreme Court, Bronx County, rendered on February 26, 1974, unanimously affirmed. The case is remitted to the Criminal Term, Supreme Court, Bronx County, which shall direct defendant to surrender herself in order that execution of the judgment shall be commenced or resumed (CPL 460.50, subd 5). No opinion. Concur—Stevens, P. J., Lupiano, Tilzer, Capozzoli and Yesawich, JJ.

■ MARK KANAL, Respondent, v JOSEPH MISSBACH et al., Appellants.— Order, Supreme Court, New York County, entered July 8, 1975, denying defendants' motion to dismiss the complaint on the ground that the court lacks subject matter jurisdiction because plaintiff's exclusive remedy was Workmen's Compensation pursuant to subdivision 6 of section 29 of the Workmen's Compensation Law, unanimously reversed, on the law, and the complaint dismissed, without costs and without disbursements. At about 1:00 P.M. a car driven by the plaintiff collided with a car owned by one defendant and driven by the other. Both drivers were employees of Grumman Aerospace Corp. at its Syosset plant, and the accident occurred on the parking lot maintained by Grumman for its employees. Although Grumman maintained a cafeteria, at the time of the accident both drivers were leaving to have lunch off the premises. It is clear that injuries sustained on entering or leaving the employer's premises are compensable as incident to the employment. (Rozelle v Robertson, 29 AD2d 589; Matter of Kwapich v Aluminum Co. of Amer. 282 App Div 972.) Leaving for or returning from lunch falls into the same category. (Kunze v Jones, 6 AD2d 888, affd without opn 8 NY2d 1152; Matter of Singer v Rich Mar. Sales, 25 AD2d 801.) Concur —Markewich, J. P., Kupferman, Murphy, Tilzer and Capozzoli, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK v PERNELL PAGE.—Motion to dismiss appeal without prejudice granted to the extent of dismissing the appeal. (See People v Casiel, 33 NY2d 791; People v Howe, 32 NY2d 766; People v Del Rio, 14 NY2d 165.) Concur—Stevens, P. J., Lupiano, Tilzer and Capozzoli, JJ.