■ HARRY J. MARTIN, Respondent, v BOARD OF EDUCATION OF THE SCOTIA GLENVILLE CENTRAL SCHOOL DISTRICT, Appellant.—Appeal from an order of the Supreme Court at Special Term, entered February 20, 1975 in Schenectady County, which denied a motion for dismissal of the complaint. The plaintiff, an employee of the defendant board of education, was injured between 7:30 A.M. and 7:45 A.M. on May 2, 1972, when, while driving to his place of employment, his car was struck in the rear by a bus owned by the defendant board of education and being operated by an employee of said defendant. The collision occurred on a public highway (Sacandaga Road) while the plaintiff was slowing his car preparatory to making a left turn on to the premises owned and operated by the defendant as its bus garage where the plaintiff was to report to work at 8:00 A.M. There is no dispute that the accident occurred on the public highway and that the plaintiff had not yet reached the point where he was going to turn into the premises of the employer. Defendant's contention is that the accident in question arose out of the employment of the plaintiff, and that workmen's compensation, pursuant to subdivision 6 of section 29 of the Workmen's Compensation Law, which covers the wrongs of others in the same employ, is the plaintiff's sole remedy. Defendant contends that Workmen's Compensation serves to divest the court of jurisdiction and, thus, the complaint must be dismissed. In the alternative, defendant seeks leave to amend its answer to include the defense of Workmen's Compensation. Under somewhat similar circumstances, this court has held that the Workmen's Compensation Law is not applicable. (See *Groark v Miller,* 48 AD2d 539; *Matter of Williams v Seaboard World Airlines,* 33 AD2d 714.) Order affirmed, with costs. Herlihy, P. J., Greenblott, Kane, Koreman and Main, JJ., concur.