■ In the Matter of the Claim of CHRIS HENNINGS, Appellant, v TOWN OF HEMPSTEAD, Respondent. WORKERS' COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workers' Compensation Board, filed December 22, 1976, which disallowed claimant's claim. Claimant, a parks department laborer, used a motorcycle to travel to and from his work. On the day in question, he got on his motorcycle and drove to the parking lot near the administration building from which he left in a coworker's car to have lunch. Upon returning from lunch, claimant drove his motorcycle on a public road, when the motorcycle went out of control, causing the injuries he sustained. There was testimony that the claimant did not need his motorcycle to perform his duties and had never been asked to pick up equipment or otherwise use his motorcycle in the course of the employer's work. The board found, and there is substantial evidence in this record to support that finding, that the claimant was on his lunch hour and not performing any work or duties for his employer when he met with the accident. On this record we agree with the board that the accident did not arise out of and in the course of claimant's employment *(Groark v Miller,* 48

AD2d 539). Decision affirmed, without costs. Greenblott, J. P., Sweeney, Kane, Larkin and Herlihy, JJ., concur.