■ IRVING R. BAGLEY et al., Respondents, v FREDERICK GILBERT, Appellant.—Appeal from a judgment of the Supreme Court, entered January 17, 1979 in Albany County, upon a verdict rendered at a Trial Term, in favor of plaintiff. Plaintiff and defendant were both employees of the Mohawk Paper Mills plant in Cohoes, New York. Plaintiff had just backed a company tractor-trailer assigned to him up against a loading dock located in the rear of a large garage-like building. Defendant had parked his car inside the building although he had knowledge of an unwritten company rule prohibiting employees from parking their private vehicles in the building. Defendant intended to leave the premises to perform some personal errands during his lunch hour. As defendant was in the act of backing his Volkswagen out of his parking spot in the garage, plaintiff alighted from the cab of his parked truck and stepped into the path of the backing vehicle. Plaintiff was struck and sustained the injuries and damages alleged in this action. The defendant claimed that plaintiff's only remedy was under the

---

* This is, in reality, a partial codification of the "convenience and practical control" test set forth in *People ex rel. Walsh v Vincent* (40 NY2d 1049).

Workers' Compensation Law and moved to dismiss. The trial court denied the motion and a jury returned a verdict in favor of plaintiff. This appeal ensued. There must be a reversal. Subdivision 6 of section 29 of the Workers' Compensation Law provides: "The right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee * * * when such employee is injured or killed by the negligence or wrong of another in the same employ." Plaintiff argues that defendant was not "in the same employ" because (1) by punching out and beginning to leave the premises for lunch defendant transformed the nature of his acts from "employment related" to "personal", and (2) by knowingly violating a company parking rule defendant had exceeded the scope of his employment. We reject these contentions. The fact that defendant intended to leave the employer's premises on his lunch hour does not remove him from the Workers' Compensation Law (*Kanal v Missbach,* 50 AD2d 528 [auto collision between coemployees leaving employer's premises to take lunch off the premises]; *Doyle v Jennings,* 32 AD2d 608, affd 26 NY2d 957; *Kunze v Jones,* 6 AD2d 888, affd 8 NY2d 1152). The admitted violation of the rather weakly enforced parking restriction was not, in these circumstances, of such type or magnitude as to take the defendant out of the scope of his employment, for every violation of work rule does not necessarily result in the denial of benefits (see *Matter of Greene v City of New York Dept. of Social Servs.,* 44 NY2d 322; *Matter of Anderson v Cohen Iron Works,* 38 NY2d 511; *Matter of Rosebrook v Glen & Mohawk Milk Assn.,* 40 AD2d 928, affd 33 NY2d 964). The evidence revealed that the oral parking restriction rule was imposed to prevent fires in the loading dock area and not for traffic safety purposes. Plaintiff and defendant were, therefore, acting in the same employ within the meaning of subdivision 6 of section 29 of the Workers' Compensation Law. Accordingly, plaintiff is limited to compensation as an exclusive remedy and is precluded from maintaining this negligence action. Judgment reversed, on the law, with costs, and complaint dismissed. Mahoney, P. J., Greenblott, Main, Mikoll and Herlihy, JJ., concur.