■ Joseph S. Kawecki et al., Appellants, v Guy J. McAllister, Respondent. [635 NYS2d 36] —In an action to recover dam-

ages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Dutchess County (Jiudice, J.), entered July 25, 1994, as, upon reargument, adhered to its original order dated November 4, 1993, granting the defendant's motion to dismiss the action.

Ordered that the order is affirmed insofar as appealed from, with costs.

There is no dispute that the vehicle which struck the plaintiff Joseph S. Kawecki was driven by a co-employee, the defendant, and that the accident occurred on their employer's premises. The defendant moved to dismiss the complaint on the ground that the action was barred by the Workers' Compensation Law *(see,* Workers' Compensation Law § 29 [6]). The plaintiffs contend that, although the defendant was a co-employee, he was acting outside the scope of his employment because he violated traffic safety rules promulgated for the protection of the public. We find this contention to be without merit *(see, e.g., Matter of Rosebrook v Glen & Mohawk Milk Assocs.,* 40 AD2d 928, *affd* 33 NY2d 964; *see generally, Matter of Richardson v Fiedler Roofing,* 67 NY2d 246). The Supreme Court properly concluded that the action was barred by the Workers' Compensation Law *(see,* Workers' Compensation Law § 29 [6]; *see, e.g., Kunze v Jones,* 6 AD2d 888, *affd* 8 NY2d 1152; *Roberts v Gagnon,* 1 AD2d 297). O'Brien,. J. P., Pizzuto, Santucci and Joy, JJ., concur.