■ RONALD PESTA, Plaintiff, v CITY OF JOHNSTOWN, Defendant and Third-Party Plaintiff-Respondent. PETER LUIZZI & BROTHERS CONTRACTING, INC., Third-Party Defendant-Appellant. [862 NYS2d 162]—

Lahtinen, J. Appeal from an order of the Supreme Court (Giardino, J.), entered January 18, 2007 in Fulton County, which, upon reargument, among other things, granted defendant's motion for summary judgment on its common-law indemnification claim against third-party defendant.

This appeal involves a dispute over the applicability of the antisubrogation rule. Plaintiff, an employee of third-party defendant, Peter Luizzi & Brothers Contracting (hereinafter Luizzi), was working on a road paving project that Luizzi had contracted to complete for defendant. Plaintiff sustained serious injuries, resulting in amputation of both his legs, when he was struck on the construction site by a dump truck owned by Luizzi and operated by another Luizzi employee. At the time of the accident, Luizzi was insured by Harleysville Insurance Company under three policies: a commercial general liability policy (hereinafter CGL policy), a commercial automobile policy (hereinafter automobile policy), and a commercial liability umbrella policy (hereinafter umbrella policy). In addition, as per the contract between Luizzi and defendant, Luizzi had purchased from Harleysville an owners and contractors protective liability policy (hereinafter OCP policy) that named defendant as the insured.

After plaintiff commenced an action against defendant, defendant brought a third-party action seeking common-law indemnification from Luizzi. Defendant moved for summary judgment on its indemnification claim and Luizzi cross-moved to partially dismiss the third-party action to the extent of the coverage of the policies. In December 2006, Supreme Court, among other things, held that defendant would be entitled to indemnification for damages that exceeded the amount of coverage in the CGL policy, the automobile policy and the umbrella policy. Shortly thereafter, Supreme Court granted reargument (but reserved its decision) and also commenced a jury trial, during which plaintiff's action settled; but the stipulation permitted the third-party action to proceed. In January 2007, Supreme Court

rendered its decision following reargument and granted defendant's motion in its entirety. The court determined that the antisubrogation rule did not apply because coverage of the accident was excluded under the terms of the CGL, automobile, and umbrella policies. The court further found that, as to OCP policy, which named only defendant as an insured, the antisubrogation rule was inapplicable. Luizzi appeals.

It is well settled that "[a]n insurer has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*Pennsylvania Gen. Ins. Co. v Austin Powder Co.*, 68 NY2d 465, 468 [1986]; *see Jefferson Ins. Co. of N.Y. v Travelers Indem. Co.*, 92 NY2d 363, 373-374 [1998]; *North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d 281, 294 [1993]). The antisubrogation rule does not apply, however, when an exclusion in a policy renders the policy inapplicable to the loss (*see North Star Reins. Corp. v Continental Ins. Co.*, 82 NY2d at 296; *State of New York v U.W. Marx, Inc.*, 209 AD2d 784, 785 [1994]).

The CGL policy had an exclusion entitled "Aircraft, Auto Or Watercraft" applicable to " 'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, 'auto' or watercraft owned or operated by or rented or loaned to any insured." Luizzi contends that the exclusion does not apply because the use of the dump truck fell within the definition of "mobile equipment" rather than "auto" under the terms of the policy. The definition of "auto" includes a "land motor vehicle . . . designed for travel on public roads, including any attached machinery or equipment." "Mobile equipment" pertains to items such as bulldozers, farm machinery, and vehicles on crawler treads, as well as "[v]ehicles, whether self-propelled or not, maintained primarily to provide mobility to permanently mounted . . . [r]oad construction or resurfacing equipment such as graders, scrapers or rollers." Under these definitions, the subject dump truck, which is designed to travel on public roads and not limited primarily to providing mobility to permanently mounted equipment, must be considered an "auto" and, accordingly, falls within the exclusion in the CGL policy.

With regard to the automobile policy, Supreme Court found applicable the exclusion for injuries resulting from acts of a co-employee occurring within the course of employment for which workers' compensation benefits were available. Luizzi argues for the first time on appeal that this exclusion is void as it violates public policy. Initially, we note that, contrary to defendant's contention, an argument that a provision is void as

against public policy may be raised for the first time on appeal (*see Matter of Niagara Wheatfield Adm'rs Assn. [Niagara Wheatfield Cent. School Dist.]*, 44 NY2d 68, 72 [1978]). Nevertheless, we find the argument unavailing since the provision is consistent with recognized law in this state (*see* Workers' Compensation Law § 29 [6]; *Kawecki v McAllister*, 221 AD2d 597, 598 [1995]; *Kinsman v McGill*, 210 AD2d 659, 659-660 [1994]; *see generally* 8 Couch on Insurance 3d § 115:13; Benton, Annotation, *Validity, Construction, and Application of Provision in Automobile Liability Policy Excluding from Coverage Injury to, or Death of, Employee of Insured*, 43 ALR5th 149; *cf. City of Albany v Standard Acc. Ins. Co.*, 7 NY2d 422, 431-433 [1960]).

Luizzi concedes that, if coverage is excluded under the CGL and automobile policies, then the umbrella policy is not implicated. Accordingly, since we have found applicable exclusions in the CGL and automobile policies, the coverage of the umbrella policy does not apply.

Finally, Luizzi asserts that the antisubrogation rule applies to the OCP policy. We cannot agree. The OCP policy named only defendant as an insured (*cf. Cox v International Paper Co.*, 234 AD2d 757, 759-760 [1996] [antisubrogation applied where the third-party plaintiff named as an additional insured on policy naming the third-party defendant as insured]). And, as previously discussed, Luizzi is excluded from coverage under the other policies purchased from Harleysville. Similarly, in *North Star Reins. Corp. v Continental Ins. Co.* (*supra*), the third-party defendant purchased an OCP policy naming only the third-party plaintiff as an insured (*id.* at 290) and purchased from the same insurer a separate general commercial liability policy, which was determined to be inapplicable because of a policy exclusion (*id.* at 296). Under such circumstances, the Court of Appeals held that the antisubrogation rule did not apply in *North Star*, and the same result necessarily follows on the facts before us.

Mercure, J.P., Rose, Kavanagh and Stein, JJ., concur. Ordered that the order is affirmed, without costs.