█ In the Matter of the Claim of CHARLES SARRIERA, Respondent, v. AXEL ELECTRONICS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— HERLIHY, J. Appeal from a decision of the Workmen's Compensation Board in favor of the claimant and a subsequent decision awarding benefits. The board reversed the decision of the Referee disallowing the claim as not arising out of and in the course of employment and remanded to the Referee who, in turn, made an award. The facts are not in dispute. The claimant in charge of the operation of an impregnator oven, while waiting for materials to be processed and taken out of the oven, became involved in a friendly discussion with a fellow employee over the latter's weight "getting kind of heavy", whereupon the claimant picked up his coemployee, which act resulted in the claimant falling and injuring his leg. The board found "on the evidence that the lifting of the co-employee by the claimant could be reasonably considered a casual indulgence brought about by friendly conversation during a momentary lull in the work, and under the circumstances would not be a deviation from the employment, but an episode to which the employment lent some stimulus. It is therefore found that when claimant injured himself from the lifting, he suffered an accidental injury arising out of and in the course of employment." Such type of accident is compensable when so found by the board. In *Matter of Leonbruno* v. *Champlain Silk Mills* (229 N. Y. 470, 472 [1920]), the claimant was struck in the eye by an apple thrown by a fellow employee. The Court of Appeals, in affirming the award, stated: "The claimant was injured, not merely while he was in a factory, but because he was in a factory, in touch with associations and conditions inseparable from factory life. The risks of such associations and conditions were risks of the employment (*Thom* v. *Sinclair* [1917 A. C. 127]; *Matter of Redner* v. *Faber & Son*, 223 N. Y. 379)." Where an employee is required by the nature of his job to undergo intermittent periods of enforced waiting he is "not required to remain immobile * * * He [is] at liberty to indulge in any reasonable activity during the waiting period * * * Therefore, the only issue in the case [is] whether or not [the particular activity] was a reasonable activity under the circumstances." (*Matter of Ingraham* v. *Lane Constr. Corp.*, 285 App. Div. 572, 573, FOSTER, J., affd. 309 N. Y. 899.) The majority of the decisions cited by the appellants are those where awards were affirmed. (See *Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Industrial Comr.* v. *McCarthy*, 295 N. Y. 443; *Matter of Johnson* v. *Loew's Inc.*, 7 A D 2d 795, affd. 8 N Y 2d 757; *Matter of Lang* v. *Franklin Ry. Supply Co.*, 272 App. Div. 988, mot. for lv. to app. den. 297 N. Y. 1036; *Matter of Piatek* v. *Plymouth Rock Provision Co.*, 15 A D 2d 405.) *Matter of Ognibene* v. *Rochester Mfg. Co.* (272 App. Div. 1077, revd. 298 N. Y. 85)

was remitted for further testimony. This court has on occasions found the *Ognibene* decision not controlling. (See *Matter of Johnson* v. *Loew's Inc.*, *supra*; *Matter of Piatek* v. *Plymouth Rock Provision Co.*, *supra*.) In these circumstances, the act of the claimant could be reasonably anticipated as a work-related incident and sufficient to sustain the board's findings of accidental injury arising out of and in the course of employment. (See *Matter of Putnam* v. *New York State Dept. of Public Works*, 24 A D 2d 801.) Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Reynolds, Taylor and Aulisi, JJ., concur.