OPINION OF THE COURT
Meyer, J.
Section 19 of the Volunteer Firemen’s Benefit Law does not bar an action by an injured fireman plaintiff who has accepted compensation benefits against defendant fellow firemen whose injury-causing acts were outside the scope of defendants’ employment. The order of the Appellate Division affirming dismissal of plaintiff Maines’ complaint should, therefore, be reversed insofar as appealed from,[1] with costs, and summary judgment as to the individual defendants should be denied.[2]
The papers on defendants’ motions to dismiss establish that on June 12, 1975 plaintiff attended the regular monthly meeting of the Cronomer Valley Fire Department at the company meeting hall, during part of which he and another junior fireman were inducted as senior members. After the meeting formally ended plaintiff remained in the building with others for at least an hour to watch a game of cards. Another group of volunteer firemen left the meeting hall and went to a different building on the premises, referred to as the truckhouse. At about 11:30 p.m. one of the firemen returned from the truckhouse and told plaintiff to come with him because one of the members wanted to speak with him. On their way to the truckhouse, Maines, who had been hazed when he was inducted to junior membership and thus suspected that some type of horseplay awaited him, told the other fireman that "if they were going to do any fooling around not to do it today because [he had his] good clothes on.” No response was made. Immediately upon entering the *541 truckhouse a bedsheet was pulled over plaintiffs head, a leather belt was tied to his waist, his feet were bound together with three-quarter-inch rope, and his arms were held to restrain him from struggling loose. Maines was then carried outside to the parking lot and thrown into a garbage dumpster. Once in the dumpster, grease was thrown at him, he was hosed with water for several minutes, and despite his protestations that he had landed on broken glass and had been severely cut, the lid to the dumpster was closed and he was kept inside for several minutes more. The dumpster was then turned on its side and as plaintiff rolled out the other firemen saw that he had in fact been hurt. They administered first aid and rushed him to the hospital for treatment of his seriously gashed left hand and fingers and injuries to his right wrist. That same night the department chief fined each of the individual defendants $5 for costs, suspended them for 54 days and placed them on probation for six months. One defendant, who was a first lieutenant, lost his rank for a year.
The fire department chief filed notice of the accident with the Workers’ Compensation Board. Though plaintiff did not attend the first hearing held by the board, he ultimately did attend at least one later hearing and was awarded and accepted benefits in the amount of $8,332 for the injuries sustained. The decision stated simply that claimant "sustained injury to his left hand in the course of firematic [sic] duties.”
Whether compensation is plaintiffs exclusive remedy turns on the interpretation of sections 19 and 20 of the Volunteer Firemen’s Benefit Law and of related sections of the Workers’ Compensation Law. Section 19 of the former law provides in relevant part that: "The benefits provided by this chapter shall be the exclusive remedy of a volunteer fireman * * * for * * * injury * * * in the line of duty * * * as against * * * (3) any person or agency acting under governmental or statutory authority in furtherance of the duties or activities in relation to which any such injury resulted” and section 20, which is entitled "Other remedies of volunteer firemen; subrogation,” states that: "The provisions of section twenty-nine of the workmen’s compensation law to the extent that such provisions are not inconsistent with the provisions of this chapter, shall be applicable as fully as if set forth in this chapter.” Section 29 of the Workers’ Compensation Law provides, so far as here relevant, in subdivision 1 that "If an employee entitled to compensation under this chapter be *542 injured or killed by the negligence or wrong of another not in the same employ, such injured employee * * * may take such compensation and medical benefits and * * * pursue his remedy against such other,” and in subdivision 6 that the right to compensation is the exclusive remedy of an employee injured "by the negligence or wrong of another in the same employ.”
Viewed solely on the basis of the words used, section 29 of the Workers’ Compensation Law, which turns on whether plaintiff and defendant were "in the same employ,” gives a coworker greater protection than does section 19 of the firemen’s law, which protects only a person acting "in furtherance of the duties or activities in relation to which” the injury resulted, for our decisions have long recognized that an employee may be within the course of employment (and thus in "the same employ”) even though not acting strictly in furtherance of his duties or his employer’s objectives (see, generally, 1A Larson, Workmen’s Compensation Law, §§ 20-23). On its wording section 19 affords no basis for dismissal of the complaint, for a jury could find, there being evidence (both in the disciplining of defendant firemen and in testimony of individual witnesses that such initiation or hazing activities were not an accepted practice in the fire department) that in fact defendants were not acting "in furtherance of the duties or activities” in relation to which plaintiff’s injuries resulted (Matter of Ognibene v Rochester Mfg. Co., 298 NY 85; see Matter of Heitz v Ruppert, 218 NY 148, 152-153; cf. 1A Larson, Workmen’s Compensation Law, § 23.41). Likewise the disparate wording of the two laws would make section 29 of the Workers’ Compensation Law inapplicable because section 20 of the firemen’s law applies section 29’s exclusivity provision only to the extent not inconsistent with the firemen’s law. Nor would the referee’s finding estop plaintiff collaterally, for the only finding required by subdivision 3 of section 3 and section 6 of the firemen’s law, and indeed the only finding made, was that Maines had been injured "in line of duty.”
We prefer not to predicate our ruling on the difference in wording between the two laws, however, because the Memorandum of the Joint Legislative Committee on Fire Laws which accompanied the bill which became the Volunteer Firemen’s Benefit Law (NY Legis Doc, 1956, No. 45, reprinted at McKinney’s Cons Laws of NY, Book 63B, p 17) contains language suggesting that section 19 was intended to follow the exclusivity rule of the Workers’ Compensation Law (NY Legis *543 Doc, 1956, No. 45, p 26; McKinney’s Cons Laws of NY, Book 63B, p 12, see, also, p 29), a conclusion which is consistent with the result we reached in Pollini v Fuller Rd. Fire Dept. (34 NY2d 744).[3] We leave the question open also because, though the word "employ” does not necessarily import employment for hire, it may be argued that section 19’s "furtherance of the duties or activities” phrasing was simply the scrivener’s effort to transpose "in the same employ” to a law relating to volunteers, and because, in final analysis, we conclude that even under the broader wording of the Workers’ Compensation Law, defendants were not "in the same employ” as that phrase has been construed and, therefore, plaintiff is not barred from suing them.
That plaintiff was "in line of duty” at the time he was summoned to the truckhouse is not open to question. Section 5 of the Volunteer Firemen’s Benefit Law includes within the "duties and activities” for which benefits are to be paid "attending or working at meetings of his fire department” (subd 1, par f), and the frequent holding of this and other courts has been that the interpretation of such a provision must not be restricted to the exact hours of the event in question, but should be reasonably, and sometimes liberally, construed in reference to the particular factual context (Wright v Day, 26 NY2d 905; Doyle v Jennings, 26 NY2d 957; Matter of Myslborski v Greenport Fire Dist., Volunteer Firemen’s Co., 38 AD2d 646). There is nothing in the instant record to suggest that the board was not wholly justified in finding plaintiff to have been in course of duty when injured, and in any event there has been no appeal from that finding.
But the words "in the same employ” as used in the Workers’ Compensation Law are not satisfied simply because both plaintiff and defendant have the same employer; a defendant, to have the protection of the exclusivity provision, must himself have been acting within the scope of his employment and not have been engaged in a willful or intentional tort. Though the cases cited by the courts below (Doca v Federal Stevedoring Co., 280 App Div 940, affd 305 NY 648; Meaney v Keating, 200 Misc 308, affd 279 App Div 1030, affd 305 NY 660; Moakler v Blanco, 47 AD2d 614; Durso v Modern Biscuit Corp., 11 AD2d 1036, 1037) all infer that a common-law action *544 by an injured employee who has accepted a compensation award is available only if the complaint alleges commission of a willful or intentional act, they are distinguishable because defendant in each, except Moakler, was the employer, and it does not appear from the Moakler opinion that the question whether defendant employee was acting within the scope of his employment was raised as it has been here.
The policy considerations involved in the two situations differ greatly (see, generally, 2A Larson, Workmen’s Compensation Law, §§ 71, 72). While compensation law is designed to insure that an employee injured in course of employment will be made whole and to protect a coemployee who, acting within the scope of his employment caused the injury, it has not protected the coemployee, even though the injured employee has accepted compensation benefits, when the coemployee was not acting within the scope of his employment at the time he inflicted the injury (D’Agostino v Wagenaar, 183 Misc 184, affd 268 App Div 912, mot for lv to app den 294 NY 640; Ventrone v Tarancki, 32 AD2d 738; Artonio v Hirsch, 3 AD2d 939; Bonadonna v Barry, 28 Misc 2d 454, affd 13 AD2d 890; Helmic v Paine, 369 Mich 114; Williams v Bebbington, 247 SC 260; see Costanzo v Mackler, 34 Misc 2d 188, affd 17 AD2d 948; 2A Larson, op. cik, § 72.20, pp 14-39 ["the immunity attaches to the co-employee only when the co-employee is acting in the course of his employment”]).
The facts of the D’Agostino case are illustrative. There plaintiff was employed as a gardener at a country club and was engaged in mowing grass near the curb of a driveway on the club premises when injured. Defendant was employed by the club as a night watchman at a wage which included room and board. Defendant’s hours were from 10 p.m. to 7:30 a.m. The accident occurred at 2 p.m. While defendant was driving his private automobile, kept on the premises with the club’s permission, on a personal errand, he ran off the driveway into plaintiff. Defendant’s motion to set aside the jury’s verdict for plaintiff and dismiss plaintiff’s negligence complaint, because barred by the exclusivity provision of subdivision 6 of section 29 of the Workers’ Compensation Law, was denied on the ground that defendant was not within the scope of his employment at the time of injury and, therefore, the parties were not "in the same employ.”
In the instant case, defendants had so far departed from the "duties and activities” of their positions as volunteer firemen *545 that a jury may find, the more so in light of defendants’ suspensions and other discipline, that they were not acting in furtherance of those duties (or in the "same employ”) when plaintiff was injured.
A further basis for our conclusion exists in that the complaint liberally construed may be interpreted as alleging that the individual defendants in throwing plaintiff into the dumpster committed an intentional assault upon him. While the complaint alleges negligence and carelessness, it also charges that defendants "in concert with one another * * * caused the plaintiff to be physically restrained,” recklessly "failed to discontinue their actions upon plaintiff’s resistance, requests and cries,” and "used physical force on the plaintiff for no legitimate or lawful purpose.” As the First Department held in Mazarredo v Levine (274 App Div 122, 126-127):
"Assuming, however, that the plaintiff was not the aggressor and that the assault arose out of a quarrel between coemployees relating to matters connected with the employment so as to make the plaintiff’s injuries compensable as an industrial accident insofar as the employer is concerned, we find nothing in the statute that requires us to construe it as affording to the perpetrator of the assault a defense based on the exclusive remedy of compensation provided for one injured by the negligence or wrong of another in the same employ (Workmen’s Compensation Law, § 29, subd. 6).
* * *
"The commission of an assault by one employee upon another in the course and arising out of the employment may properly be deemed accidental from the standpoint of the employer as an untoward event not expected or intended. The same, however, can hardly be said for the perpetrator of the assault. It seems unreasonable to suppose that the Legislature intended to give statutory protection in the form of immunity from suit for a deliberate and intentional wrongful act.”
(See Matter of Berenberg v Park Mem. Chapel, 286 App Div 167, 169; cf. Matter of Goldfine v Barsol [Parson] Cab Operating Co., 19 AD2d 672; Lavin v Goldberg Bldg. Material Corp:, 274 App Div 690, mot for lv to app dsmd 304 NY 738; Le Pochat v Pendleton, 271 App Div 964; De Coigne v Ludlum Steel Co., 251 App Div 662; see, also, Ann., 21 ALR3d 845, 880.) Moreover, we reject defendants’ suggestion that plaintiff must allege that defendants intended to bring about the *546 harmful consequences that ensued. Whatever may be the rule in an action against an employer (compare Finch v Swingly, 42 AD2d 1035, with Matter of Ward v Typhoon Air Conditioning Co., 27 AD2d 785, 786, mot for lv to app den 19 NY2d 582), the complaint in an action against a coemployee (or fellow fireman) for an assault committed outside the scope of the coemployee’s employment (or not in furtherance of the duties of the fellow fireman) need only allege deliberate intent or conscious choice to do the act which results in the injury (see Masters v Becker, 22 AD2d 118; Baldinger v Banks, 26 Misc 2d 1086; Lamhertson v United States, 528 F2d 441, 444, cert den 426 US 921; 2 NY PJI 584).
In reaching our conclusion, we are not unmindful of the provisions of section 205-b of the General Municipal Law. That section did not bar a common-law action against a fellow fireman before enactment of the Volunteer Firemen’s Benefit Law (Ottman v Village of Rockville Centre, 275 NY 270), nor does it do so when read with that law. Section 205-b, which provides that: "Members of duly organized volunteer fire companies in this state shall not be liable civilly for any act or acts done by them in the performance of their duty as volunteer firemen, except for wilful negligence or malfeasance”, by its own terms is not in point. It applies only to acts done "in the performance of * * * duty as volunteer firemen.” Here, as already noted, in order to escape the exclusive remedy provisions of section 19 of the Volunteer Firemen’s Benefit Law, plaintiff must show that his fellow firemen in fact were not acting "in furtherance of their duties and activities.”
For the foregoing reasons, the order of the Appellate Division should be reversed insofar as appealed from, with costs, and the motions of the individual defendants for summary judgment should be denied.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
Order, insofar as appealed from, reversed, etc.

. The orders affirmed by the Appellate Division granted summary judgment to defendant fire department as well. Plaintiff on appeal to us has limited his argument to the contention that summary judgment was improperly granted the individual defendants.

. The complaint is technically defective in failing to allege that the individual defendants were not acting within the scope of their employment (Murray v City of New York, 43 NY2d 400, 407), but plaintiffs brief notes that if the complaint is reinstated he will move at Special Term to amend (CPLR 3025). The defect has not been argued by defendants and for purposes of this appeal is not material.

. Note, however, that Pollini dealt not with the present issue but with whether the defendant, Hicksville Fire Department, was a "person or agency” within the meaning of subdivision 3 of section 19.