■ EDWARD CHRISTEY, Respondent, v PETER GELYON, Appellant. — Order unanimously modified, and, as modified, affirmed, without costs, in accordance with the following memorandum: Plaintiff's complaint alleges that he was injured when struck by defendant. The answer denied the allegation and asserted as an affirmative defense that plaintiff and defendant were coemployees at the time of the incident and that plaintiff's suit is barred by the Workers' Compensation Law. Plaintiff moved to strike the affirmative defense and defendant cross-moved for summary judgment. Special Term granted the motion to strike and denied the motion for summary judgment. It appears from the motion papers that prior to the incident the two men had been engaging in "horseplay", a common practice on the job and one condoned by the employer. Plaintiff alleges that the horseplay had terminated at the time of the assault; defendant submits evidence indicating it had not. The order, insofar as it

struck defendant's affirmative defense, should be reversed, the defense reinstated. The Workers' Compensation Law provides in subdivision 1 of section 29, that "If an employee entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured employee * * * may take such compensation and medical benefits and * * * pursue his remedy against such other[s]". The same statute provides, in subdivision 6, that the right to compensation is the exclusive remedy of an employee injured "by the negligence or wrong of another in the same employ." It is well established that horseplay or frivolous activities, although involving intentional acts, are natural diversions between coemployees during lulls in work actvities and injuries sustained during them are compensable as an incident of the work (*Matter of Burns v Merritt Eng. Co.,* 302 NY 131, 134-135; *Matter of Industrial Comr. [Siguin] v McCarthy,* 295 NY 443, 446-447; *Matter of Leonbruno v Champlain Silk Mills,* 229 NY 470, 472; *Matter of Sarriera v Axel Electronics,* 25 AD2d 592). If the injuries occur during the scope of the defendant's employment, then the claimant, defendant and the employer may be afforded the protection of the provisions of the Workers' Compensation Law (see *Maines v Cronomer Val. Fire Dept.* 50 NY2d 535). But if defendant's acts are outside the scope of his employment either because excessive or because they occur after the horseplay has terminated, defendant may be denied the protection of the statute (see *Maines v Cronomer Val. Fire Dept., supra,* pp 543-545; *Vercruysse v Alati,* 78 AD2d 1015; *Mazarredo v Levine,* 274 App Div 122, 126-127). Thus, it may be that the horseplay occurred during the course of plaintiff's employment and may bar a common-law action by him against the employer but, as to the coemployee defendant, be outside the scope of his employment because the coemployee's conduct was excessive or occurred after the horseplay had terminated. If that is so, a common-law action against the coemployee is permissible under subdivision 1 of section 29 of the Workers' Compensation Law (see Workers' Compensation Law, § 29, subds 1, 6; *Werner v State of New York,* 53 NY2d 346, 353; *Maines v Cronomer Val. Fire Dept., supra,* p 453; *Artonio v Hirsch,* 3 AD2d 939). The motion papers here present a question of fact as to whether the acts sued upon occurred during the course of defendants' employment and thus foreclose plaintiff's common-law action. (Appeal from order of Supreme Court, Erie County, Stiller, J. — summary judgment.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.