■ LAWRENCE B. ROOT et al., Respondents, v DANIEL A. SANGER et al., Appellants, and ROTTERDAM VENTURES, INC., Respondent.—Yesawich, Jr., J. Appeal from an order of the Supreme Court (Walsh, Jr., J.), entered April 24, 1987 in Schenectady County, which, *inter alia,* denied a motion by defendants Daniel A. Sanger and Matthew S. Passamonte for summary judgment dismissing the complaint.

Plaintiff Lawrence B. Root (hereinafter plaintiff) was injured while receiving a ride to his office from a coemployee, defendant Daniel A. Sanger, on a private roadway owned by defendant Rotterdam Ventures, Inc., when the vehicle they were in collided with another driven by defendant Matthew S. Passamonte, also a coemployee. The accident occurred 15 minutes after the workday had ended for all of the employees involved. Passamonte was en route to pick up a coemployee for whom he was providing a ride home and Sanger was going to drop plaintiff at his office in the employer's building and where plaintiff's car was parked; Sanger was then continuing on to a dinner. Neither driver was under any direction or compulsion from the employer to provide transportation for their respective passengers.

Sanger and Passamonte moved to dismiss plaintiffs' negligence cause of action directed against them, claiming it was barred by Workers' Compensation Law § 29 (6). Supreme Court denied their motion and granted plaintiffs' cross motion to strike this affirmative defense from Sanger's answer and struck a similar defense from Passamonte's answer. We affirm.

To invoke the protection of the exclusivity provision, a defendant must himself have been acting within the scope of

his employment *(Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 543). Inasmuch as travel to and from work is not activity "in the course of employment" (Workers' Compensation Law § 2 [7]), this defense is unavailable to either Passamonte or Sanger absent some spatial or temporal link to the employer *(see, e.g., Matter of Malacarne v City of Yonkers Parking Auth.,* 41 NY2d 189, 194). Passamonte makes no such showing. And as for Sanger's contention that his conduct was "in the course of employment" because plaintiff could not walk to his office due to a bowling ball and chain Sanger had attached to plaintiff's leg as a prewedding prank, it suffices to note that this restriction is hardly work related. Beyond that, Sanger possessed the means of releasing plaintiff from the ball and chain and intended to do so once they had arrived at plaintiff's office. Sanger obviously continued plaintiff's incapacity to perpetuate his joke. Since at the time of the accident Sanger and Passamonte were rendering personal favors and not services for their employer, Supreme Court's ruling was eminently correct.

Order affirmed, with one bill of costs. Mahoney, P. J., Kane, Main, Casey and Yesawich, Jr., JJ., concur.