■ EUGENE E. LE DOUX, Appellant, v CITY OF ROCHESTER et al., Defendants, and JOSEPH R. HANSEN, Respondent.—Order unanimously affirmed without costs. Memorandum: Plaintiff, a forensic chemist employed at Monroe County's Public Safety Laboratory, alleges that he suffered an ear injury as the result of the firing of a revolver at the laboratory by a coemployee. Although he accepted workers' compensation benefits, plaintiff contends that he is entitled to bring an action against the coemployee for conduct outside the scope of the coemployee's duties and done intentionally to startle or scare plaintiff. Plaintiff appeals from that portion of an order granting the coemployee's cross motion for summary judgment upon the ground that benefits under the Workers' Compensation Law are the exclusive remedy.

It is well established that injuries resulting from horseplay, pranks or other frivolous acts by coemployees during their work day are compensable under the Workers' Compensation Law as an incident of the work (Christey v Gelyon, 88 AD2d 769, 770). If the injuries occur during the scope of the defendant coemployee's work, compensation benefits are the exclusive remedy, and a common-law action may not be maintained against the coemployee (Workers' Compensation Law § 29; Christey v Gelyon, supra). "But if defendant's acts are outside the scope of his employment either because excessive or because they occur after the horseplay has terminated, defendant may be denied the protection of the statute" (Christey v Gelyon, supra, at 770).

In this case, the defendant demonstrated that the test firing occurred during employment; that handling weapons was part of the duties of a forensic chemist; and that, although the test firing of weapons was not part of the coemployee's job responsibilities, his act of firing the gun constituted no more than horseplay or a prank. Plaintiff's evidentiary submission failed to raise a triable question of fact on this issue. Further, the complaint contains no allegation that the coemployee acted deliberately with an intent to injure plaintiff; instead, the complaint alleges that the coemployee acted negligently, carelessly and recklessly. Under the circumstances, Supreme Court properly granted defendant's cross motion for summary judgment (see, Christey v Gelyon, supra; Moakler v Blanco, 47 AD2d 614; Matter of Piatek v Plymouth Rock Provision Co., 15

AD2d 405). (Appeal from order of Supreme Court, Monroe County, DePasquale, J.—summary judgment.) Present—Denman, J. P., Boomer, Pine, Balio and Davis, JJ.