■ EDWARD F. RALPH, Appellant, v DAVIS OLIVER, Respondent.—Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court properly deferred plaintiff's negligence cause of action against the coemployee defendant until the Workers' Compensation Board decides whether the alleged incident occurred in the course of his employment *(see, O'Rourke v Long,* 41 NY2d 219; Workers' Compensation Law § 29 [1], [6]). Plaintiff's cause of action for the intentional tort of assault, however, may be maintained without regard to the pending Workers' Compensation Board review process. A plaintiff is not limited to relief under the Workers' Compensation Law if he can show that the assault was committed outside the scope of employment and was done with deliberate intent or conscious choice to do the act which results in the injury *(see, Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535; *see also, Werner v State of New York,* 53 NY2d 346, 351, n 1; *Vercruysse v Alati,* 78 AD2d 1015; 1 NY PJI 2d 77 [1992 Supp]). We therefore modify the order of Supreme Court to reinstate plaintiff's cause of action for the intentional tort of assault. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Green, J. P., Balio, Lawton, Boehm and Doerr, JJ.