■ TIMOTHY LOWE, Appellant, v BRIAN KINN, Defendant and Third-Party Plaintiff-Respondent. MODERN METAL FABRICATORS, INC., Third-Party Defendant-Respondent. [605 NYS2d 439] —Cardona, J. Appeal from an order of the Supreme Court (Cobb, J.), entered January 4, 1993 in Greene County, which granted motions by defendant and third-party defendant for summary judgment dismissing the complaint and third-party complaint.

Plaintiff commenced this action to recover for injuries sustained when he was struck in the left eye by a tennis ball thrown by defendant and third-party plaintiff (hereinafter defendant), plaintiff's co-worker, while working on the premises and in the employ of third-party defendant. Prior to commencing this action, plaintiff accepted workers' compensation benefits for his injuries. Following discovery, which included examinations before trial (hereinafter EBT) of plaintiff and defendant, defendant moved for summary judgment claiming that the action was barred by the exclusivity provisions of Workers' Compensation Law § 29 (6). Third-party defendant cross-moved, *inter alia,* for similar relief. Supreme Court granted the motions and this appeal by plaintiff ensued.

To have the protection of the exclusivity provision contained in Workers' Compensation Law § 29 (6), a defendant must "have been acting within the scope of his [or her] employment and not been engaged in a willful or intentional tort" *(Maines v Cronomer Val. Fire Dept.,* 50 NY2d 535, 543; *see, Cusano v Staff,* 191 AD2d 918, 919; *Ralph v Oliver,* 186 AD2d 977; *Bulis v Di Lorenzo,* 142 AD2d 707, 708; *Orzechowski v Warner-Lambert Co.,* 92 AD2d 110, 112-113; *Mylroie v GAF Corp.,* 81 AD2d 994, 995, *affd* 55 NY2d 893). "Injuries * * * arising from employee horseplay are compensable under the Workers' Compensation Law if they result from conduct which 'may reasonably be regarded as an incident of the employment' * * *. These commonly known risks of employment occur when employees momentarily abandon their work to play, tease [and] test one another" *(Matter of Lubrano v Malinet,* 65 NY2d 616, 617, quoting *Matter of Burns v Merritt Eng'g Co.,* 302 NY 131, 135; *see, Le Doux v City of Rochester,* 162 AD2d 1049; *Root v Sanger,* 133 AD2d 896, 896-897; *Christey v Gelyon,* 88 AD2d 769, 770).

Here, defendant's EBT testimony established that while defendant was working at his work station a tennis ball landed near him, and that he spontaneously threw the tennis ball attempting to hit Randy Furmanek, a co-worker, who had thrown the ball at him; that he had no intention of hurting Furmanek; that he did not see plaintiff and had no intention of hitting him when he threw the ball; that he enjoyed a good relationship with both Furmanek and plaintiff; and that this type of horseplay was common at their place of employment. Plaintiff's EBT testimony confirmed that defendant and Furmanek were friendly with each other and that he was on good terms with defendant. Plaintiff added that the office atmosphere was friendly and jovial; that various objects—coffee can

lids, tape balls and tennis balls—were thrown by employees, including plaintiff, on a daily basis; that employees were never reprimanded for such behavior; and that plaintiff was the first employee to be injured from this type of activity. Based upon this record we find, as a matter of law, that defendant's act in throwing the tennis ball did not constitute an intentional tort and was within the scope of his employment *(see, Maines v Cronomer Val. Fire Dept., supra)*. Therefore, Supreme Court's grant of summary judgment dismissing both the complaint and the third-party complaint was proper.

We have considered plaintiff's other contentions and find them to be lacking in merit.

Mercure, J. P., White, Mahoney and Casey, JJ., concur. Ordered that the order is affirmed, with one bill of costs.