■ Blondelle C. Jacobsen et al., Respondents, v Jane E. Amedio, Appellant. [629 NYS2d 863] —Casey, J. Appeal from an order of the Supreme Court (Keegan, J.), entered December 8, 1994 in Albany County, which denied defendant's motion for, *inter alia*, leave to file an amended answer.

Plaintiff Blondelle C. Jacobsen (hereinafter plaintiff) and her husband commenced this action to recover damages sustained when plaintiff's vehicle was struck from behind by defendant's vehicle. Upon learning that plaintiff's medical bills and lost wages had been partially paid by workers' compensation benefits, defendant sought leave to amend her answer to assert an affirmative defense based upon Workers' Compensation Law § 29 (6), which provides that the right to workers' compensation benefits shall be the exclusive remedy to an employee who is injured by the negligence or wrong of another in the same employ. Supreme Court denied the motion, resulting in this appeal by defendant.

Defendant contends that the statutory exclusive remedy provision is applicable because she and plaintiff are both State workers and the accident happened as both vehicles were exiting the State Office Campus in the City of Albany, where they had been parked for the workday. According to defendant, the award of workers' compensation benefits to plaintiff conclusively established that the accident was work-related for workers' compensation purposes and, therefore, workers' compensation is plaintiff's exclusive remedy. The argument is meritless.

As explained by the Court of Appeals in *Maines v Cronomer Val. Fire Dept.* (50 NY2d 535, 544): "While compensation law is designed to insure that an employee injured in course of employment will be made whole and to protect a coemployee who, acting within the scope of his employment caused the injury, it has not protected the coemployee, even though the

injured employee has accepted compensation benefits, when the coemployee was *not* acting within the scope of his employment at the time he inflicted the injury." The fact that plaintiff and defendant were employed by different State agencies raises a question of whether they were "in the same employ" within the meaning of Workers' Compensation Law § 29 (6) (*see*, *Lindner v Kew Realty Co.*, 113 AD2d 36; *Thomas v Maigo Corp.*, 37 AD2d 754). The relevant decision of the Workers' Compensation Board in this case describes plaintiff's employer as "NYS Dept. of Labor", while defendant is employed by the State Department of Motor Vehicles. We need not decide this issue, however, because there is no evidence that defendant was acting within the scope of her employment when the accident occurred (*see*, *Russell v Gaines*, 209 AD2d 939; *Cusano v Staff*, 191 AD2d 918, 919-920).

Contrary to defendant's claim, we are of the view that the question of whether defendant was acting within the scope of her employment when the accident occurred is separate and distinct from the question of whether plaintiff was acting within the scope of her employment when she was injured. The decision of the Workers' Compensation Board with regard to plaintiff does not, therefore, compel the same result with regard to defendant.

It is well settled that the risk of travel to and from the workplace is not within the scope of employment for the purposes of workers' compensation (*see, e.g.*, *Matter of Fine v S.M.C. Microsystems Corp.*, 75 NY2d 912, 914; *Root v Sanger*, 133 AD2d 896). The record establishes that on the day of the accident defendant left her place of employment in the downtown area of the City of Albany at the end of her workday and took a shuttlebus to a parking lot at the State Office Campus on the outskirts of the City, where she regularly parked her car. The accident occurred after defendant had exited the parking lot and was traveling on a ramp which connected the campus perimeter road to Washington Avenue. In view of our holding in *Groark v Miller* (48 AD2d 539), it is clear that defendant was not acting within the scope of her employment, unless a recognized exception to the general rule concerning travel to and from work is applicable (*see, e.g.*, *Matter of Callanan v Town of Clarkstown*, 191 AD2d 861; *Matter of Weinstein v 16 East 58th St. Corp.*, 92 AD2d 678). There is no evidence in the record to demonstrate the applicability of any exception to the general rule.

As the party seeking leave to amend her answer, defendant bore the burden of demonstrating merit in the proposed amend-

ment (*see, Mathiesen v Mead,* 168 AD2d 736, 737). Defendant failed to meet her burden and, therefore, her motion was properly denied. We see no basis to disturb Supreme Court's exercise of discretion.

Cardona, P. J., Mikoll, White and Spain, JJ., concur. Ordered that the order is affirmed, with costs.