■ SANDRA J. BRIGER, Appellant, v TOYS R US et al., Respondents. [653 NYS2d 199] —Mercure, J. Appeal from an order of the Supreme Court (Keegan, J.), entered March 22, 1996 in Albany County, which, *inter alia*, granted defendants' motion for summary judgment dismissing the complaint.

Alleging causes of action sounding in negligence and intentional assault, plaintiff seeks to recover for injuries she sustained on December 17, 1994 at the retail establishment of her employer, defendant Toys R Us. At the time, plaintiff was in charge of the front of the store, supervising the cashiers. While plaintiff was walking to a cashier's work station, defendant Karen Pohl, a co-worker, stuck her foot out, as if to trip plaintiff. The resulting contact, although insufficient to cause plaintiff to fall, apparently resulted in injury to plaintiff's back, requiring a partial laminectomy and excision of a herniated disc.

In our view, Supreme Court did not err in granting defendants' motion for summary judgment dismissing the complaint in its entirety. It is well settled that frivolous activities or horseplay "although involving intentional acts, are natural diversions between coemployees during lulls in work activities and injuries sustained during them are compensable [under the provisions of the Workers' Compensation Law] as an incident of the work" (*Christey v Gelyon*, 88 AD2d 769, 770). Defendants may be denied the protection of the statute, however, if the acts are excessive or otherwise outside the scope of employment (*see, Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543-545; *Christey v Gelyon, supra*). Here, the uncontroverted evidence submitted on the motion established that plaintiff's injuries were the result of horseplay occurring in the course of and within the scope of her employment, thereby barring plaintiff's negligence cause of action (*see,*

Workers' Compensation Law § 29 [6]; *Lowe v Kinn*, 199 AD2d 743, 744, *lv denied* 83 NY2d 753; *Le Doux v City of Rochester*, 162 AD2d 1049; *Christey v Gelyon, supra,* at 770).

In that connection, the evidence showed that pranks and acts of horseplay, including tripping people, were a common occurrence at the Toys R Us store, that plaintiff and Pohl had a friendly relationship and that Pohl's conduct in extending her foot was a spontaneous prankish act, done in fun with no intention of causing injury. There being no question that Pohl had no intention of causing injury to plaintiff, the fact that she purposely stuck her foot out does not mandate a contrary result (*see, Christey v Gelyon, supra*). For the same reason, we conclude that Supreme Court properly dismissed plaintiff's second cause of action predicated upon a theory of intentional assault (*see, Mylroie v GAF Corp.*, 81 AD2d 994, 995, *affd* 55 NY2d 893). As a final matter, plaintiff does not challenge the dismissal of her third cause of action, alleging the negligence of Toys R Us "in maintaining [Pohl's] employment", thereby abandoning that issue (*see, First Natl. Bank v Mountain Food Enters.*, 159 AD2d 900, 901).

Cardona, P. J., Casey, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.