■■ KENNETH CLOUTIER et al., Respondents, v STEVEN LONGO, Appellant. [732 NYS2d 813] —Order unanimously affirmed without costs. Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Kenneth Cloutier (plaintiff) at his workplace when defendant, a coemployee, grabbed him around the neck. Defendant moved to dismiss the complaint, or alternatively, for summary judgment dismissing the complaint as barred by the exclusivity provisions of Workers' Compensation Law § 29 (6). Supreme Court treated defendant's motion as one for summary judgment pursuant to CPLR 3211 (c) and properly denied the motion. Defendant met his initial burden by his affidavit in which he states that his conduct in grabbing plaintiff was "a common practice on the job and one condoned by the employer" (*Christey v Gelyon*, 88 AD2d 769), thereby establishing that his actions occurred within the scope of his employment (*see generally, Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543-544; *Briger v Toys R Us*, 236 AD2d 683). Plaintiffs, however, raised an issue of fact whether the actions of defendant were within the scope of his employment by submitting evidence that defendant's conduct was neither common nor condoned and that defendant was discharged as a result of the incident in question (*see, Maines v Cronomer Val. Fire Dept., supra,* at 544-545; *cf., Briger v Toys R Us, supra,* at 683-684). (Appeal from Order of Supreme Court, Niagara County, Koshian, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Hurlbutt, Kehoe and Lawton, JJ.