■ David Shumway et al., Appellants, v Justin Kelley, Respondent. [876 NYS2d 299]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered January 23, 2008. The order, insofar as appealed from, granted in part defendant's motion for summary judgment and dismissed the first cause of action.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in its entirety and the first cause of action is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David Shumway (plaintiff) at work when defendant, plaintiff's coemployee, collided with him. Defendant moved for summary judgment dismissing the complaint on the ground that workers' compensation is plaintiffs' exclusive remedy, and plaintiffs cross-moved for, inter alia, partial summary judgment on the first cause of action, alleging negligence and a derivative claim for loss of services. Plaintiffs contend on appeal that Supreme Court erred in granting that part of defendant's motion with respect to the first cause of action and, instead, should have denied defendant's motion in its entirety. We agree.

Pursuant to Workers' Compensation Law § 29 (6), workers' compensation is the exclusive remedy of an employee injured "by the negligence or wrong of another in the same employ." Here, although it is undisputed that plaintiff and defendant had the same employer, we conclude that defendant failed to meet his burden of establishing in addition that he was "acting within the scope of his employment and [was] not . . . engaged in a willful or intentional tort" (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543 [1980]; *see Hanford v Plaza Packaging Corp.*, 2 NY3d 348, 350 [2004]). "It is well established that horseplay or frivolous activities, although involving intentional acts, are natural diversions between coemployees during lulls in work activities and injuries sustained during them are compensable [under the Workers' Compensation Law] as an incident of the work" (*Christey v Gelyon*, 88 AD2d 769, 770 [1982]; *see Briger v Toys R Us*, 236 AD2d 683 [1997]; *see also Lowe v Kinn*, 199 AD2d 743, 744 [1993], *lv denied* 83 NY2d 753 [1994]), thus rendering workers' compensation the injured worker's sole remedy (*see* Workers' Compensation Law § 29 [6]; *Le Doux v City of*

*Rochester*, 162 AD2d 1049, 1049 [1990]; *Christey*, 88 AD2d at 770). Here, defendant submitted evidence in support of the motion establishing that, although neither plaintiff nor defendant was reprimanded by the employer after this incident, physical contact or horseplay between employees at their place of employment was not a common practice on the job, nor was it condoned by the employer (*cf. Briger*, 236 AD2d 683 [1997]; *Lowe*, 199 AD2d at 744; *Christey*, 88 AD2d at 769). In addition, defendant submitted his deposition testimony in which he admitted that he approached plaintiff from behind without any warning, and he thus surprised plaintiff by colliding with him. We therefore conclude that, by his own submissions, defendant failed to establish that his actions occurred within the scope of his employment (*cf. Cloutier v Longo*, 288 AD2d 942 [2001]).

The further contention of plaintiffs that the court erred in denying that part of their cross motion for partial summary judgment on the first cause of action is not properly before us. " 'An appeal from only part of an order constitutes a waiver of the right to appeal from the other parts of that order' " (*Johnson v Transportation Group, Inc.*, 27 AD3d 1135, 1135 [2006]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.