# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**987**

**CA 12-00576**

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

JOSHUA JOHNSON, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

JORGE DEL VALLE, DEFENDANT-RESPONDENT.

---

THE MATHEWS LAW FIRM, SYRACUSE (DANIEL F. MATHEWS, III, OF COUNSEL), FOR PLAINTIFF-APPELLANT.

SMITH, SOVIK, KENDRICK & SUGNET, P.C., SYRACUSE (ROBERT P. CAHALAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered November 3, 2011 in a personal injury action. The order granted the motion of defendant for summary judgment and dismissed the complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained at work when defendant, plaintiff's coemployee, allegedly threw a baseball that struck plaintiff's face. Defendant moved for summary judgment dismissing the complaint on the ground that workers' compensation is plaintiff's exclusive remedy, and Supreme Court granted the motion. We reverse. Workers' compensation is the exclusive remedy of an employee injured "by the negligence or wrong of another in the same employ" (Workers' Compensation Law § 29 [6]). "[T]he words 'in the same employ' as used in the Workers' Compensation Law are not satisfied simply because both plaintiff and defendant have the same employer; a defendant, to have the protection of the exclusivity provision, must . . . have been acting within the scope of his [or her] employment and not have been engaged in a willful or intentional tort" (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543). Even assuming, arguendo, that defendant met his initial burden on the motion, we conclude that plaintiff raised a triable issue of fact with respect thereto (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562). Here, plaintiff raised a triable issue of fact "whether the actions of defendant were within the scope of his employment by submitting evidence that defendant's conduct was neither common nor condoned" in their workplace (*Cloutier v Longo*, 288 AD2d 942, 942; *see Maines*, 50 NY2d at 544-545; *Shumway v Kelley*, 60 AD3d 1457, 1459; *cf. generally Lowe v Kinn*, 199 AD2d 743, 744-745, *lv*

*denied* 83 NY2d 753).

Entered:  September 28, 2012          Frances E. Cafarell
                                     Clerk of the Court