# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

839

CA 12-02160

PRESENT: SCUDDER, P.J., SMITH, CENTRA, FAHEY, AND PERADOTTO, JJ.

---

DAVID SHUMWAY AND CATHY SHUMWAY,
PLAINTIFFS-APPELLANTS,

V                                                   MEMORANDUM AND ORDER

JUSTIN KELLEY, DEFENDANT-RESPONDENT.
(APPEAL NO. 2.)

---

E. ROBERT FUSSELL, P.C., LEROY (E. ROBERT FUSSELL OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (AMANDA L. MACHACEK OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Genesee County (John M. Curran, J.), entered October 23, 2012. The judgment dismissed the complaint upon a jury verdict.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David Shumway (plaintiff) at work when defendant, plaintiff's coworker, collided with him. At trial, the jury concluded that defendant was acting within the course and scope of his employment at the time of the accident, thus rendering workers' compensation plaintiffs' sole remedy (*see generally Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543-544). Supreme Court properly denied plaintiffs' motion for judgment notwithstanding the verdict or, alternatively, to set aside the verdict as against the weight of the evidence and for a new trial.

We reject plaintiffs' contention that they are entitled to judgment notwithstanding the verdict inasmuch as it cannot be said that there is "no valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499; *see Jaoude v Hannah*, 104 AD3d 1272, 1274). Defendant testified that there was a lot of joking and playing around in the auto shop workplace, including pranks among the employees. Although defendant testified that their employer "frowned on" physical contact between employees, he also testified that the employees commonly would throw snowballs at each other and nudge someone who was pouring oil or antifreeze into a vehicle, to make him

or her spill it.  Defendant testified that the incident in question occurred when he intended to "nudge" plaintiff's arm as he walked quickly or ran past him, in response to a prank by plaintiff earlier that day, when plaintiff poked him in the ribs while he was on the telephone with a customer.  That afternoon, defendant intended to make contact only with plaintiff's arm, but his momentum caused his chest to contact plaintiff's back, which resulted in plaintiff's fall.  Defendant was not reprimanded by his employer as a result of the incident, and plaintiffs did not submit any evidence that defendant's conduct was in violation of the workplace rules.  Based on that evidence, the jury could conclude that defendant's conduct was common in the workplace and within the scope of his employment (*cf. Johnson v Del Valle*, 98 AD3d 1290, 1291).  Contrary to plaintiffs' further contention, the verdict is not against the weight of the evidence and thus plaintiffs are not entitled to a new trial inasmuch as it cannot be said that "the preponderance of the evidence in favor of [plaintiffs] is so great that the verdict could not have been reached upon any fair interpretation of the evidence" (*Dannick v County of Onondaga*, 191 AD2d 963, 964; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744, 746).

Plaintiffs contend that the jury instruction was erroneous and resulted in juror confusion.  We reject that contention.  The court issued an instruction in accordance with PJI 2:218 and supplemented that instruction based on our prior decision in this case (*Shumway v Kelley*, 60 AD3d 1457, 1458-1459) and the cases we cited therein.  We conclude that the court's charge " 'accurately stated the law as it applie[d] to the facts in this case' " (*Gerbino v Tinseltown USA*, 13 AD3d 1068, 1071).  The court properly rejected plaintiffs' use of juror affidavits in an attempt to impeach the verdict (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 460).  "The policy reasons behind the rule [against such use of juror affidavits] are to prevent 'the posttrial harassing of jurors for statements which might render their verdicts questionable' and to avoid the chaos that a contrary rule would create" (*id.*).  Inasmuch as there was no error in reporting the verdict and the record does not demonstrate substantial confusion among the jurors, the two exceptions to the general rule prohibiting jurors from impeaching their own verdict, plaintiffs may not use the juror affidavits in an attempt to impeach the verdict (*see Porter v Milhorat*, 26 AD3d 424, 424).

We have considered plaintiffs' remaining contentions and conclude that they are without merit.

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court