# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**162**

**CA 16-01208**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

TONI HAJDAJ, PLAINTIFF-RESPONDENT,

V                                    MEMORANDUM AND ORDER

JESSICA M. ZUBIN AND HOWARD N. ZUBIN,
DEFENDANTS-APPELLANTS.

---

LAW OFFICE OF DANIEL R. ARCHILLA, BUFFALO (MARTHA E. DONOVAN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

FEROLETO LAW, BUFFALO (JOHN FEROLETO OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Diane Y. Devlin, J.), entered May 2, 2016. The order denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this negligence action seeking damages for personal injuries she allegedly sustained while riding in a vehicle owned by defendants, Jessica M. Zubin and Howard N. Zubin, and operated by Jessica (hereafter, defendant), who is plaintiff's coemployee. The accident occurred when defendant had a seizure, lost control of the vehicle, and collided with a vehicle in front of her. Defendants moved for summary judgment dismissing the complaint on the ground that plaintiff's sole remedy is the receipt of workers' compensation benefits, and they appeal from an order denying the motion. We affirm.

It is settled law that receipt of benefits pursuant to "[w]orkers' compensation is the exclusive remedy of an employee injured 'by the negligence or wrong of another in the same employ' " (*Johnson v Del Valle*, 98 AD3d 1290, 1291, quoting Workers' Compensation Law § 29 [6]; *see Macchirole v Giamboi*, 97 NY2d 147, 150; *Naso v Lafata*, 4 NY2d 585, 589, *rearg denied* 5 NY2d 861). Nevertheless, it is equally well settled that the Workers' Compensation Law does "not protect[] the coemployee, even though the injured employee has accepted compensation benefits, when the coemployee was *not* acting within the scope of his employment at the time he [or she] inflicted the injury" (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 544). Furthermore, "the question of whether defendant was acting within the scope of her employment when the

accident occurred is separate and distinct from the question of whether plaintiff was acting within the scope of her employment when she was injured" (*Jacobsen v Amedio*, 218 AD2d 872, 873).

Here, although defendants submitted evidence in support of their motion establishing as a matter of law that plaintiff was acting within the scope of her employment at the time of the accident (*see Correa v Anderson*, 122 AD3d 1134, 1135), they failed to establish as a matter of law that defendant was also acting within the scope of her employment at the time (*see Connell v Brink* [appeal No. 1], 199 AD2d 1032, 1032; *cf. Power v Frasier*, 131 AD3d 461, 462-463). Consequently, the court properly denied the motion.

Finally, defendants' further contention that the vicarious liability provisions in Vehicle and Traffic Law § 388 are inapplicable to defendant Howard N. Zubin is without merit.  That contention is premised on the applicability of Workers' Compensation Law § 29 (6) and, as discussed above, defendants failed to establish the applicability of that statute as a matter of law (*cf. Isabella v Hallock*, 22 NY3d 788, 792).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court