■ WILLIAM MONTGOMERY et al., Respondents, v RICHARD HACKENBURG, Appellant. [49 NYS3d 578]—

Lynch, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered November 18, 2015 in Warren County, which, among other things, denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff William Montgomery (hereinafter plaintiff) and his wife, derivatively, commenced this action seeking to recover damages for injuries sustained when defendant struck plaintiff

---

[*] Similarly, neither Levy nor Woo addressed the evidence of plaintiff's preexisting conditions.

in the groin area with a golf club shaft. At the time of the incident, plaintiff was employed as a locker room attendant, and defendant was employed as the general manager at the Glens Falls Country Club. While plaintiff was in the pro shop watching one of the club's professionals assemble golf clubs, defendant entered the shop. According to plaintiff, defendant picked up a golf club shaft and, without forewarning, raised the shaft striking plaintiff's left testicle. Plaintiff explained that he stepped back in pain, while defendant laughed and walked out of the room. For his part, defendant described the contact as accidental and minimal, and stated that plaintiff gave no indication he had been injured. As a consequence of this incident, plaintiff's left testicle was surgically removed. After issue was joined, defendant moved for summary judgment dismissing the complaint, contending that workers' compensation was plaintiff's exclusive remedy. Supreme Court denied the motion, as well as plaintiffs' cross motion for summary judgment, finding questions of fact existed as to whether defendant was acting outside the scope of his employment at the time of the incident. Defendant appeals.

We affirm. There is no dispute that plaintiff and defendant were coemployees, that plaintiff was injured in the course of his employment and that he collected workers' compensation benefits for his injuries. Pursuant to Workers' Compensation Law § 29 (6), these benefits are the exclusive remedy for an employee injured "by the negligence or wrong of another in the same employ." Having the same employer is not synonymous with being "in the same employ" and, to be shielded from liability, a defendant "must himself [or herself] have been acting within the scope of his [or her] employment and not have been engaged in a willful or intentional tort" (*Maines v Cronomer Val. Fire Dept.*, 50 NY2d 535, 543 [1980]; *see Hanford v Plaza Packaging Corp.*, 2 NY3d 348, 350 [2004]). Here, there is no indication that plaintiff was involved in any horseplay (*compare Briger v Toys R Us*, 236 AD2d 683, 683 [1997]). The differing versions of the event presented by the parties, as well as the two club employees who supported plaintiff's version, raise genuine questions of fact as to whether defendant intended to strike plaintiff and did so in an excessive manner given the sensitive area of impact. Although defendant was not directly disciplined by the club and resigned to take a new position a few months after the incident, a question of fact also remains as to whether the club condoned defendant's actions. As such, we conclude that Supreme Court properly determined that questions of fact existed as to whether defendant acted in a "grossly negligent and/or reckless" manner when he swung the

golf club shaft and struck plaintiff, as alleged in the complaint (*see Shumway v Kelley*, 60 AD3d 1457, 1459 [2009]).

McCarthy, J.P., Egan Jr. and Mulvey, JJ., concur. Ordered that the order is affirmed, with costs.