Guida v Rivera Investigations, Inc. (2022 NY Slip Op 04443)

Guida v Rivera Investigations, Inc.

2022 NY Slip Op 04443

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, PERADOTTO, LINDLEY, AND WINSLOW, JJ.

256 CA 21-00602

[*1]JAMES R. GUIDA AND KIMBERLEE GUIDA, PLAINTIFFS-RESPONDENTS,
v
RIVERA INVESTIGATIONS, INC., MIGUEL A. RIVERA, JR., 435 CREEKSIDE DRIVE, LLC, DEFENDANTS, AND ALEX G. HODGES, JR., DEFENDANT-APPELLANT. 

GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (MICHAEL P. SULLIVAN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
STAMM LAW FIRM, WILLIAMSVILLE (BRIAN G. STAMM OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Donna M. Siwek, J.), entered March 23, 2021. The order, insofar as appealed from, denied that part of the motion of defendant Alex G. Hodges, Jr. seeking summary judgment dismissing the amended complaint and all cross claims against him. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the amended complaint and all cross claims are dismissed against defendant Alex G. Hodges, Jr.
Memorandum: James R. Guida (plaintiff) and Alex G. Hodges, Jr. (defendant) were employed as armored car guards for nonparty Loomis Armored, US, LLC (Loomis). As a condition of their employment with Loomis, and in order to fulfill New York State licensing requirements, plaintiff and defendant were required to attend a firearms training course every year. While sitting at a table in a classroom awaiting the beginning of a firearms training course arranged for employees by Loomis, defendant took his gun out of the holster and attempted to disassemble it on the table. The gun accidentally discharged, and the bullet went through the table and struck plaintiff in the left leg, thereby causing injury. Plaintiff subsequently applied for, was approved for, and received workers' compensation benefits from Loomis's insurer as a result of the accident.
Plaintiffs commenced this action alleging, in relevant part, that defendant was negligent in taking the loaded gun out before the training course and "negligently took out his loaded firearm, which inadvertently and unexpectedly discharged, thereby shooting . . . plaintiff in his left leg." Defendant moved for leave to amend his answer to assert the affirmative defense that workers' compensation benefits were plaintiffs' exclusive remedy and for summary judgment dismissing the amended complaint and all cross claims against him on the ground that the action was barred by the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6). Supreme Court granted that part of the motion seeking leave to amend the answer but denied that part of the motion seeking summary judgment. Defendant contends on appeal that, contrary to the court's determination, he met his initial burden on the motion of establishing that both he and plaintiff were acting within the scope of their employment at the time of the accident and plaintiff failed to raise a triable issue of fact in opposition, and that the court thus erred in denying that part of his motion seeking summary judgment. We agree.
The Workers' Compensation Law is "designed to insure that an employee injured in course of employment will be made whole and to protect a coemployee who, acting within the [*2]scope of . . . employment[,] caused the injury" (Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 544 [1980]). In that regard, Workers' Compensation Law
§ 29 (6) provides, in pertinent part, that "[t]he right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured or killed by the negligence or wrong of another in the same employ" (see Macchirole v Giamboi, 97 NY2d 147, 149 [2001]). "An employee's acceptance of workers' compensation payments does not alone trigger the statute's exclusivity provision[; i]nstead, the Workers' Compensation Law immunizes a fellow employee from suit, and becomes a plaintiff's exclusive remedy, only when both plaintiff and defendant are in the same employ" (id. at 149-150). Thus, "[w]orkers' compensation qualifies as an exclusive remedy when both the plaintiff and the defendant are acting within the scope of their employment, as coemployees, at the time of injury" (id. at 150). "Parties are coemployees in 'all matters arising from and connected with their employment' " (id., quoting Heritage v Van Patten, 59 NY2d 1017, 1019 [1983]). Nonetheless, "the words 'in the same employ' as used in the Workers' Compensation Law are not satisfied simply because both plaintiff and defendant have the same employer; a defendant, to have the protection of the exclusivity provision, must . . . have been acting within the scope of his [or her] employment and not have been engaged in a willful or intentional tort" (Maines, 50 NY2d at 543; see Macchirole, 97 NY2d at 150).
Here, we conclude that defendant met his initial burden on the motion of establishing that the claims against him were barred by the exclusivity provision of the Workers' Compensation Law by showing that he and plaintiff were coemployees, that both he and plaintiff were acting within the scope of their employment at the time of the injury, and that plaintiff collected workers' compensation benefits for that injury (see Correa v Anderson, 122 AD3d 1134, 1135-1136 [3d Dept 2014]).
It is undisputed that plaintiff and defendant were both employed as armored car guards by Loomis and, in that capacity, each was required to carry a firearm and had a valid pistol permit and an armored car guard license (see Macchirole, 97 NY2d at 150-151). At the time of the incident, plaintiff and defendant were attending a state-mandated annual firearms training as a condition of their continued employment with Loomis (see General Business Law § 89-ttt [1] [a]). Indeed, consistent with its typical practice, Loomis arranged with defendant Rivera Investigations, Inc. (Rivera Investigations) for plaintiff and defendant to attend the subject firearms training class. Loomis agreed to pay Rivera Investigations for each employee to attend, and, also consistent with Loomis's typical practice, both defendant and plaintiff were to be paid by Loomis for the time they spent attending the training course. Contrary to plaintiff's assertion and as defendant correctly contends, the fact that Loomis ultimately did not pay defendant, plaintiff, or Rivera Investigations because the class was cancelled following the shooting is irrelevant to the course of employment analysis. Moreover, although the class had not yet begun at the time of the accident due to a weather-related delay in the start time, defendant's submissions established, contrary to plaintiff's contention, that he and plaintiff were already in the course of their employment because they were present at the training class as required by Loomis at the scheduled time (see generally Matter of Rosen v First Manhattan Bank, 202 AD2d 864, 864 [3d Dept 1994], affd 84 NY2d 856 [1994]; Matter of Lawton v Eastman Kodak Co., 206 AD2d 813, 813-814 [3d Dept 1994]).
Plaintiff nonetheless asserts, and the court agreed, that there is a triable issue of fact whether defendant acted outside the scope of his employment by violating a training safety rule that prohibited firearms from being taken out and handled in the classroom. We reject that assertion. The record establishes that firearms were permitted in the classroom and that trainees would generally keep the weapons in a holster or a gun box but were prohibited from taking out and handling firearms in the classroom. Defendant was thus attending a mandatory firearms training course at which he was required to have the pistol for which he was seeking certification, the training was directly related to his job duties that involved carrying a firearm, he was permitted to have the firearm in the classroom, and he simply violated a safety rule by handling the firearm in the classroom, thereby causing it to accidentally discharge. Defendant's violation of the safety provision "was not, in these circumstances, of such type or magnitude as to take . . . defendant out of the scope of his employment" (Bagley v Gilbert, 76 AD2d 955, 956 [3d Dept 1980]; see generally Matter of Merchant v Pinkerton's Inc., 50 NY2d 492, 496 [1980]). In other words, defendant's conduct constituted a simple lack of reasonable care, i.e., negligence (see Moakler v Blanco, 47 AD2d 614, 614 [1st Dept 1975]), and "[t]he Workers' Compensation Law
. . . offers the only remedy for injuries caused by the coemployee's negligence" (Tikhonova v Ford Motor Co., 4 NY3d 621, 624 [2005]).
We further agree with defendant that the cases involving "horseplay" relied on by the court and plaintiff are inapposite inasmuch as defendant did not engage in any intentional conduct, commonly practiced on the job or condoned by the employer, directed toward plaintiff or any other person that constituted an attempted prank or an activity wholly unrelated to his job duties (cf. Johnson v Del Valle, 98 AD3d 1290, 1291 [4th Dept 2012]; Shumway v Kelley, 60 AD3d 1457, 1458-1459 [4th Dept 2009]; Cloutier v Longo, 288 AD2d 942, 942 [4th Dept 2001]; Briger v Toys R Us, 236 AD2d 683, 683-684 [3d Dept 1997]; Le Doux v City of Rochester, 162 AD2d 1049, 1049 [4th Dept 1990]; Christey v Gelyon, 88 AD2d 769, 770 [4th Dept 1982]). The court's reliance on Hajdaj v Zubin (147 AD3d 1362, 1362-1363 [4th Dept 2017]) is also misplaced. There, the defendant's very presence as the driver of the vehicle involved in an accident that injured her coworker may have been outside the scope of her employment because, in the absence of a scheduled client meeting, her travel was not authorized by the employer. Here, by contrast, there is no dispute that defendant was authorized, indeed required as a condition of employment, to be present and attend the training course (cf. id.).
Plaintiffs failed to raise a triable issue of fact in opposition (see Power v Frasier, 131 AD3d 461, 462 [2d Dept 2015]), and the court therefore erred in denying that part of defendant's motion seeking summary judgment dismissing the amended complaint and all cross claims against him on the ground that the action was barred by the exclusivity provisions of Workers' Compensation Law §§ 11 and 29 (6).
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court