# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**423**

**CA 15-01526**

PRESENT: WHALEN, P.J., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

---

BRENDA C. BROWN, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DEBORAH A. HALL, MICHAEL HALL AND CANINE &
COMPANY, INC., DEFENDANTS-APPELLANTS.

---

KENNEY SHELTON LIPTAK NOWAK LLP, BUFFALO (ANDREW D. DRILLING OF
COUNSEL), FOR DEFENDANTS-APPELLANTS.

WILLIAM C. BERNHARDI LAW OFFICES, PLLC, BUFFALO (JOSEPH NICASTRO OF
COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered June 10, 2015. The order denied the motion of defendants to dismiss the amended complaint.

It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiff commenced this negligence action seeking to recover damages for injuries she sustained when she was attacked by a dog on the premises of her employer, defendant Canine & Company, Inc., which is owned by defendants Deborah A. Hall and Michael Hall. Plaintiff is uncertain whether the dog is owned by the corporate defendant or the individual defendants but, according to the individual defendants, the dog is owned by the corporate defendant. Defendants moved to dismiss the amended complaint or, in the alternative, for summary judgment, on the ground that workers' compensation benefits were plaintiff's exclusive remedy. Supreme Court denied the motion, and defendants appeal.

We conclude that the court erred in entertaining the motion. It is well settled that "primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board [(Board)] . . . [I]t is therefore inappropriate for the courts to express views with respect thereto pending determination by" the Board (*Botwinick v Ogden*, 59 NY2d 909, 911; *see O'Rourke v Long*, 41 NY2d 219, 227-228; *Davis v Erie County Dept. of Social Servs.*, 133 AD3d 1373, 1374). Here, whether plaintiff was injured within the scope of her employment and whether the individual defendants acted within the course of their employment in having the dog on the premises are matters that " 'must in the first instance be determined by the [B]oard' " (*O'Rourke*, 41

NY2d at 228; *see Ferguson v Davis Auto World*, 207 AD2d 991, 991; *Ralph v Oliver*, 186 AD2d 977, 977). Thus, the court "should not have entertained [defendants'] motion at this juncture, and the case should have been referred to the Board for a determination . . . whether . . . plaintiff[] [has] a valid cause of action for damages or whether [she] is limited to benefits under the Workers' Compensation Law" (*Gullo v Bellhaven Ctr. for Geriatric & Rehabilitative Care, Inc.*, 114 AD3d 905, 906-907). We therefore reverse the order and remit the matter to Supreme Court to determine the motion after final resolution of a prompt application to the Board to determine plaintiff's rights, if any, to workers' compensation benefits (*see Davis*, 133 AD3d at 1374).

Entered: May 6, 2016

Frances E. Cafarell
Clerk of the Court