Warren v E.J. Militello Concrete, Inc. (2019 NY Slip Op 08300)





Warren v E.J. Militello Concrete, Inc.


2019 NY Slip Op 08300


Decided on November 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


940 CA 18-01085

[*1]GARY E. WARREN AND MARY WARREN, PLAINTIFFS-APPELLANTS,
v
E.J. MILITELLO CONCRETE, INC., ET AL., DEFENDANTS, AND VERIZON NEW YORK, INC., DEFENDANT-RESPONDENT. (APPEAL NO. 1.) 






PAUL WILLIAM BELTZ, P.C., BUFFALO (CATHERINE B. FOLEY OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.
OBERMAYER REBMANN MAXWELL & HIPPEL LLP, NEW YORK CITY (JEFFREY T. WOLBER OF COUNSEL), FOR DEFENDANT-RESPONDENT.


 Appeal from an order and judgment (one paper) of the Supreme Court, Erie County (Donna M. Siwek, J.), entered August 18, 2017. The order and judgment granted the motion of defendant Verizon New York, Inc., for summary judgment dismissing plaintiffs' complaint against it. 
It is hereby ORDERED that the order and judgment so appealed from is unanimously reversed on the law without costs, the complaint against defendant Verizon New York, Inc. is reinstated, and the matter is remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Plaintiffs commenced this negligence action to recover damages for injuries sustained by Gary E. Warren (plaintiff) on the sidewalk outside the offices of his employer, Verizon New York, Inc. (defendant). Plaintiffs appeal from an order and judgment granting defendant's motion for summary judgment dismissing the complaint against it on the ground that plaintiffs' exclusive remedy was workers' compensation benefits.
Although not raised by the parties, we conclude that Supreme Court erred in entertaining defendant's motion. "It is well settled that primary jurisdiction with respect to determinations as to the applicability of the Workers' Compensation Law has been vested in the Workers' Compensation Board [(Board)] . . . [I]t is therefore inappropriate for the courts to express views with respect thereto pending determination by' the Board" (Brown v Hall, 139 AD3d 1404, 1405 [4th Dept 2016], quoting Botwinick v Ogden, 59 NY2d 909, 911 [1983]; see O'Rourke v Long, 41 NY2d 219, 227-228 [1976]). Whether plaintiff was injured within the scope of his employment "must in the first instance be determined by the [B]oard" (O'Rourke, 41 NY2d at 228), and the court thus should not have entertained defendant's motion at this juncture. Rather, the case should have been referred to the Board for a determination of plaintiffs' eligibility for workers' compensation benefits (see Brown, 139 AD3d at 1405). We therefore reverse the order and judgment, reinstate the complaint against defendant, and remit the matter to Supreme Court to determine the motion after final resolution of an application to the Board to determine plaintiffs' rights, if any, to workers' compensation benefits (see id. at 1405-1406).
Entered: November 15, 2019
Mark W. Bennett
Clerk of the Court